Rex Lamont Butler
745 W. 4th Ave., Suite 300
Anchorage, Alaska, 99501
(907) 272-1497
Attorney For Jason Jayavarman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JASON JAYAVARMAN, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:13-cr-00097-SLG-JDR |

## MOTION TO DISMISS

Comes Now, Jason Jayavarman, by and through his attorney, Rex Lamont Butler & Associates, Inc., and respectfully moves and petitions this Honorable Court to dismiss Court II of the Superceding Indictment. This motion is based on the following considerations:

Count II of the Superceding Indictment charges Jayavarman, commencing on April 23, 2013, and ending on August 14, 2013, with attempting to travel in foreign commerce for the purpose of engaging in illicit sexual conduct. This Court should dismiss Count II because Jayavarman did not make a substantial step towards completing the alleged crime.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

A undercover agent contacted Jayavarman on the pretext of wanting to go to Cambodia to have sex with young girls.

The Government will attempt to establish that, during a series of conversations with the undercover agent, Jayavarman: (1) Stated that he likes young and fresh girls; (2) Referred to girls as young as 13; (3) Discussed how to have sex with virgins; (4) Stated that, in Cambodia, he made a movie of himself and a young girl having sex; (5) Stated that he has made films in the United States; (6) Instructed the undercover agent on how to get child pornography from Cambodia to the United States; (7) Stated that he knew someone who could get girls as young as 12 or 13 years of age; (8) Stated that he knew the person who would deliver the child and that the person was trustworthy; (9) Stated that should the need arise Cambodian police could be bribed; (10) Discussed camera equipment that could be used in filming; (11) Stated that he intended to join the agent in getting young girls; (12) Stated that he goes to Cambodia to check on land he owns there; and (13) Told the agent that he was going to travel to Cambodia during the same time period the agent intended to travel there. (Docket, 1).

According to the Government, Jayavarman admitted, during an interrogation, to having sex with 13 and 14 year old girls in Cambodia. Jayavarman admitted to having sex with a 14 year old commencing in 2009. He stated that this continued during succeeding years and that the encounter was taped. The last encounter occurred in 2011. Videos of the supposed encounters were brought back to Alaska. (Docket 1).

According to the Government, Jayavarman has traveled to Cambodia 12 times since 2009. On August 6, 2013, Jayavarman booked a flight to Cambodia with a departure date of August 19, 2013. (Docket, 1). Multiple stops were contemplated,

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

U.S. v. Jayavarman, Motion to Dismiss.

Page 2

and Javavarman was not scheduled to arrive in Phnom Penh until August 26, 2013, a full twenty days after the ticket was purchased.

## Discussion

To be guilty of an attempt, a person must intend to commit a crime and take a substantial step toward completing the commission of that crime. Braxton v. United States, 500 U.S. 344, 349 (1991); U.S. v. Pariseau, 685 F.3d 1129, 1130 (9th Cir. 2012). Merely preparing to commit a crime does not constitute a substantial step. Buffington v. U.S., 815 F.2d 1292, 1301 (9th Cir. 1987). Rather, a substantial step requires an act "that is strongly corroborative of the firmness of a defendant's criminal intent." Buffington, 815 F.2d, at 1301.

In the instant case, even assuming *arguendo*, without so admitting, that Jayavarman intended to travel internationally for the purpose of engaging in illicit sex acts, it nevertheless remains true that the act of purchasing a ticket is not strongly corroborative of the requisite intent. The purchase of an airline ticket is strongly corroborative of only one thing— an intent to travel. The purchase of a ticket is not corroborative of the underlying *purpose* of the contemplated travel. With respect to the purpose of contemplated travel, the purchase of a ticket is a neutral act.

The purchase of a ticket was not even remotely corroborative of an intent to travel for the purpose of illicit sex. Jayavarman had legitimate business in Cambodia. He explained to the agent that he owned land in Cambodia that he intended to visit. Given that fact, the purchase of the ticket was, at the worst, an ambiguous act. A

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

U.S. v. Jayavarman, Motion to Dismiss.

person's ambiguous acts can not be said to be strongly corroborative of anything, let alone the firmness of the person's purpose or intent.

It may be noted that the contemplated flight was not direct to Cambodia. A number of stops were planned. Planning to travel to Cambodia with numerous intermediate stops before commencing the actual flight to Cambodia did not evidence the firmness of Jayavarman's intent or purpose. This is because a great amount of time would have had to have elapsed before the actual flight to Cambodia would have commenced. In this case, nearly three weeks would have had to have passed after Jayavarman bought the ticket before the Cambodian flight would have commenced.

Even assuming *arguendo* that illicit sex was a purpose of the contemplated travel, the fact that the flight was scheduled so far in advance evidences a tentativeness of purpose, as opposed to a firmness of purpose. Such a situation is qualitatively different from simply going to the airport, buying a ticket, and standing in line to board an international flight. The greater the amount of time that must elapse between an act (purchasing a ticket) and the commission of a crime (traveling internationally for illicit sex), the less suggestive the act is of firmness of purpose. By way of contrast, temporal propinquity between an act and the contemplated commission of a crime suggests intent and purpose. Here, of course, the contemplated travel to Cambodia would not occur until after almost three weeks had elapsed; and, the contemplated travel would not occur until after Javavarman had made several intermediate stops.

A substantial step requires that the defendant's actions "must unequivocally [demonstrate]   that the crime will take place unless interrupted by independent circumstances." United States v. Goetzke, 494 F.3rd 1231, 1237 (9th Cir. 2007), quoting from United States v. Nelson, 66 F.3d 1036, 1042 (9th Cir. 1995).

U.S. v. Jayavarman, Motion to Dismiss.

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

In light of the fact that Jayavarman purchased the ticket almost three weeks prior to the departure date for Cambodia, and in light of the fact that he planned several stops at different locations prior to boarding a plane for Cambodia, it can not be said that at the crime would have taken place had there been no interruptions. During the three-week waiting period Jayavarman could have changed his mind about traveling to Cambodia. This is especially the case since Jayavarman's itinerary involved a whole week of travel.

In Goetzke, the defendant was charged with attempting to *entice* a minor. The defendant argued that he was not guilty of an attempt since he, at no time, was in the physical proximity of the minor. The Ninth Circuit, pointing out that the defendant was charged with attempting to entice a minor and not with attempting to engage in sexual activity with a minor, rejected the defendant's position. Thus, in enticement cases, travel or physical proximity, is not required in order for conduct to constitute a substantial step.

Goetzke is inapposite. Jayavarman, unlike the defendant in Goetzke, is charged in Count II with attempting to *travel* for the purpose of engaging in illicit sex.

Finally, it may be noted that Jayavarman's statements to the agents are irrelevant to establishing that he performed a substantial step. Whatever evidentiary value those statements have with respect to establishing intent, if any, they have no evidentiary value concerning the second criterion of an attempt crime— a substantial step. In that regard, at least one court, even in a enticement case, was unwilling to consider the defendant's statements to the victim as a substantial step toward committing the offense. See United States v. Gladish, 536 F.3d 646, 650 (7th Cir. 2008)("Treating speech (even obscene speech) as the 'substantial step' would abolish any requirement of a substantial step.").

U.S. v. Jayavarman, Motion to Dismiss.

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

## Conclusion

Count II should be dismissed on the ground that Jayavarman did not take a substantial step toward committing the crime of traveling for the purpose of engaging in illicit sex.

Respectfully submitted this 14th day of October, 2014, in Anchorage, Alaska.

/s/ Rex Lamont Butler
745 W. 4th Avenue, Suite 300
Anchorage, Alaska 99501
(907) 272-1497
(907) 276-3306 (fax)
rexbutlercalendar@gmail.com
ABN: 8310105

## Certificate Of Service

I hereby certify on this 14th day of October, 2014, a true and accurate copy of this motion, supporting declaration, and proposed order were served on Assistant U.S. Attorney Audrey Renschen and Attorney Vikram Chaobal *via* electronic filing.

/s Rex Lamont Butler

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

U.S. v. Jayavarman, Motion to Dismiss.