Rex Lamont Butler
745 W. 4th Ave., Suite 300
Anchorage, Alaska, 99501
(907) 272-1497
Attorney For Jason Jayavarman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JASON JAYAVARMAN, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:13-cr-00097-SLG-KFM |

## MOTION TO CONTINUE TRIAL

Comes Now, Jason Jayavarman, by and through his attorney, Rex Lamont Butler & Associates, Inc., and respectfully moves and petitions this Honorable Court to continue the trial date. This motion is based on the following considerations:

A period of excludable delay will occur pursuant to 18 USC 3161(h)(7)(A). As of the date of this motion, a total of 54 days remain before trial must begin pursuant to the Speedy Trial Act.

Trial is presently set for December 1, 2014.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

Jayavarman was arrested on August 14, 2013, and a complaint was filed on August 15, 2013. On September 5, 2013, Jayavarman moved for a continuance and to have the case declared complex. (Docket 19). On September 10, 2013, this Court entered an order finding excludable delay and rescheduling trial from October 23, 2013, to March 24, 2014. (Docket 22). On February 11, 2014, the Government moved to continue trial (Docket 46), and on March 10, 2014, this Court, finding excludable delay, continued trial until June 9, 2014. (Docket 49). On June 5, 2014, the Government moved to continue trial (Docket 61), and on June 5, 2014, this Court, finding excludable delay and that time was tolled between January 31, 2014 to December 1, 2014, granted a trial continuance to December 1, 2014. (Docket 63). By Jayavarman's calculations, the entire period from the filing of the Complaint until he filed his first motion to continue was not tolled, a total of 26 days. Subsequently, time was tolled.

Pretrial motions, except with respect to motions concerning the Cambodian documents, were due on October 14, 2014. Motions addressing the Cambodian documents are due on November 3, 2014.

The Government has repeatedly stated that it was gathering documents concerning the victim's age from Cambodian authorities. On September 30, 2014, the documents in question were discovered to the defense. However, the substantive portion of those documents is in a Cambodian language. It is believed that the portion of the documents that is in the Cambodian language includes a birth certificate. On October 15, 2014, counsel for Jayavarman inquired of the Government whether a translation of the documents was available. The Government did not know the answer off hand and stated that inquiries would be made. The following day, on October 16,

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

U.S. v. Jayavarman, Motion to Continue.

2014, the Government stated that it was not able to locate a translation but that it was going to ask a FBI contract translator in Cambodia to translate the material.

The Government stated to counsel that it did not intend to introduce the documents at trial. However, due process requires that Jayavarman be accorded a reasonable period of time to evaluate evidence that may likely be pivotal in this case, determine if it is exculpatory, and to file any required motions based on the material's contents. The remaining time before the scheduled start of trial is insufficient to accomplish those tasks, particularly if motions work is required.

In addition, it may be noted that Jayavarman was only recently provided with discovery concerning a polygraph examination that was administered to Jayavarman. This discovery included a determination that Jayavarman was deceptive, and it also included statements allegedly made by Jayavarman to the polygraph test administrator. While polygraph results are not admissible in evidence, it is necessary to discuss the test results and the alleged statements with Mr. Jayavarman.

Counsel wishes to make it clear that it is not Jayavarman's position that the Government willfully withheld the discovery in question. Rather, in a case as complex as this case, materials inadvertently may be overlooked. It is believed that such occurred in this case. Nevertheless, additional time is needed to discuss the newly discovered materials with Jayavarman and to address any legal issues concerning said materials.

Accordingly, Jayavarman requests this Court to enter an order granting a continuance of the trial. Filed herewith is a motion to extend the motions deadline.

The Government declined to take a position concerning this request until after it has received and reviewed this motion.

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

U.S. v. Jayavarman, Motion to Continue.

Time is excludable, in the interest of justice, pursuant to 18 USC 3161(h)(7)(A).

Time is excludable, in the interest of justice, pursuant to 18 USC 3161(h)(7)(A). The interests of justice, which will be advanced by any continuance of the trial date, outweigh the defendant's and the public's interest in a speedy trial. As previously stated by the Government in requesting a continuance to permit it to obtain the records in question:

> The evidence sought by the prosecutors' request is <u>vital to both the prosecution and the defense</u> in this case. Because the identified victim's age is an element of every crime for which Defendant is presently charged, reasonable available documentary evidence of her age— even if unreliable— should be obtained prior to trial. <u>A failure to allow the parties to obtain such evidence— and, thus, for Defendant to have an opportunity to review the evidence before trial— would constitute a miscarriage of justice and impinge on Defendant's counsel's ability to provide constitutionally adequate representation.</u> (Emphasis Added) (Docket 46, Page 4).

While the identified victim's age may not be an element of the crime charged in Count II, the identified victim's age is an element of the crime charged in Count I.

### **Conclusion**

Trial has been continued two times to accord the Government time to secure the Cambodian documents. Now the Government states that it will not use the documents. This Court should continue the trial in order to accord Jayavarman a reasonable opportunity to evaluate a translation of those documents, as well as the newly discovered polygraph documents, and to tailor his defense accordingly.

<u>U.S. v. Jayavarman</u>, Motion to Continue.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

Respectfully submitted this 16th day of October, 2014, in Anchorage, Alaska.

/s/ Rex Lamont Butler
745 W. 4th Avenue, Suite 300
Anchorage, Alaska 99501
(907) 272-1497
(907) 276-3306 (fax)
rexbutlercalendar@gmail.com
ABN: 8310105

**Certificate Of Service**

I hereby certify on this 16th day of October, 2014, a true and accurate copy of this motion, supporting declaration, and proposed order were served on Assistant U.S. Attorney Audrey Renschen and Attorney Vikram Chaobal *via* electronic filing.

/s Rex Lamont Butler

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

U.S. v. Jayavarman, Motion to Continue.