KAREN L. LOEFFLER
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
audrey.renschen@usdoj.gov

RAVI SINHA
Trial Attorney
United States Department of Justice
Criminal Division, Child Exploitation and Obscenity Section
1400 New York Avenue NW, Sixth Floor
Washington, D.C. 20005
202-353-4698 (direct)
ravi.sinha@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00097-SLG-JDR |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| v. | ) | **MOTION TO DISMISS (Dkt. 85)** |
| | ) | |
| JASON JAYAVARMAN, | ) | |
| | ) | |
| Defendant. | ) | |

The United States responds in opposition to Defendant's Motion to Dismiss

(Dkt. 85; *filed* 10/14/14) and respectfully asks that it be denied. In short,

Defendant's Motion asks this Court to make an *ex ante* ruling on the sufficiency of the Government's substantial-step evidence and, based on that ruling, to dismiss Count 2 of the First Superseding Indictment (Dkt. 75; *filed* 9/17/14). In support, Defendant argues that his thoroughly documented and largely uncontested conduct is insufficient to show that he took a substantial step in attempting to travel in interstate or foreign commerce with the intent to engage in illicit sexual conduct. *See* 18 U.S.C. § 2423(b).

But Defendant's arguments are flawed and his Motion should be denied in full. First and foremost, Defendant's request for a pre-trial ruling on the sufficiency of the United States' substantial-step evidence runs contrary to established law. Whether the United States has proven a substantial step is a determination that is properly left to a jury—after it has heard and considered the evidence. *See* NINTH CIRCUIT MODEL CRIMINAL INSTRUCTION 5.3 (2010) (Attempt instruction; instructing jury on the need to find a substantial step); *see also generally United States v. Hofus*, 598 F.3d 1171 (9th Cir. 2010) (analyzing and upholding the substantial-step language in the district court's jury instruction). Even if this Court were to charitably consider Defendant's present motion under Rule 29, it would still

be proper to allow the United States to present its evidence at trial before ruling.[1]
*See* FED. R. CRIM. P. 29(a) (allowing a defendant to move for acquittal after the close of the government's case-in-chief). Thus, because no jury has been seated and no evidence presented, the ruling that Defendant's Motion seeks would be premature and improper.

Moreover, even if this Court were to consider the sufficiency of the Government's substantial-step evidence at this preliminary stage, it would find adequate grounds upon which a rational juror could determine that a substantial step occurred. *See generally United States v. Goetzke*, 494 F.3d 1231, 1235-7 (9th Cir. 2007) (*per curiam*) (upholding attempt-based conviction in light sufficient evidence for a rational juror to determine that a substantial step occurred). Though Defendant's motion seeks to minimize his damning conversations and actions,

---

[1] Indictments may be dismissed pre-trial if a court finds that fundamental facial or procedural defects abound. No facial or procedural defects have been alleged here. Were Defendant to allege such defects at this late stage, his efforts to escape trial would still fall short. "Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Midland Asphalt Corp. v. United* States, 489 U.S. 794, 802 (1989). FED. R. CRIM. P. 7(c) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Thus, courts need look only to the face of the indictment to assess whether or not there are any defects warranting dismissal. *United States v. Hickey*, 367 F.3d 888, 894 (9th Cir. 2004). The Supreme Court has formulated criteria to be used when evaluating a challenged indictment: (1) whether the indictment contains the elements of the offense intended to be charged and sufficiently informs the defendant of what he must be prepared to meet and (2) whether it will provide him with adequate future protection against Double Jeopardy. *Russell v. United States*, 369 U.S. 749, 763-64 (1962). Because Count 2 of the First Superseding Indictment satisfies these criteria in all aspects—and Defendant has made no allegation that Count 2 is facially or procedurally flawed—dismissal should not be granted.

Defendant cannot plausibly argue that no rational juror could find a substantial step based solely on the facts that he concedes.[2] For example, Defendant does not dispute that, *inter alia*, he:

- stated that he enjoyed having sex with children in Cambodia;

- told an undercover agent that he knew someone who could acquire children in Cambodia to have sex with;

- planned a trip to Cambodia with an undercover agent for the stated purpose of having sex with children;

- expressed his intent to join the agent in travelling to Cambodia and having sex with children while there;

- agreed to a date on which he and the agent would travel to Cambodia to have sex with children; and

- purchased an airline ticket to Cambodia for the dates that he and the agents had discussed.

Arguing that these actions are only corroborative—indeed, "strongly corroborative"—of Defendant's intent to travel to Cambodia, Defendant contends that they do not evince his intent to have sex with children while there.

But this argument appears ill-founded. Indeed, Defendant seems to argue that none of it—not Defendant's admitted history of sexual abuse of children in Cambodia, not his recorded statements expressing his intent to travel to Cambodia

---

2 To constitute a substantial step, a defendant's "actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995) (internal quotation marks omitted).

for the purpose of having sex with children, and not his purchase of a plane ticket to Cambodia on the agreed-upon date—provides any insight into why he may have been travelling to Cambodia. The United States respectfully disagrees and believes that these actions provide a sufficient basis upon which a rational juror could both discern Defendant's intent and find a substantial step.

In any case, the matter should not be litigated pre-trial and should ultimately be left to a jury who has had the benefit of hearing the evidence upon which Count 2 is based. Thus, the United States respectfully urges this Court to deny Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED, October 21, 2014, in Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Ravi Sinha
RAVI SINHA
Trial Attorney

s/ Audrey J. Renschen
AUDREY J. RENSCHEN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on October 21, 2014
a copy of the foregoing was served
electronically on: Rex Butler

 s/ Audrey J. Renschen
Office of the U.S. Attorney