IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON JAYAVARMAN,<br><br>Defendant. | Case No. 3:13-cr-00097-SLG-KFM<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS**<br>[Docket No. 85] |

## I. MOTION PRESENTED

Before the Court is Jason Jayavarman's motion to dismiss Count 2 of the Superseding Indictment.[1] The government opposes the motion.[2] No party asked for argument, and the Court concludes that additional argument is unnecessary. For the reasons set forth below, the Court recommends that the District Court deny the motion to dismiss.

## II. BACKGROUND

The Superseding Indictment charges Jayavarman in two counts with sexual exploitation of children.[3] Count 2 alleges Jayavarman attempted to travel in foreign commerce for the purpose of engaging in illicit sexual conduct with another person.[4] In particular, Count 2 alleges the following conduct violated 18 U.S.C. § 2423(b) & (e):

---

[1] Docket No. 85.
[2] Docket No. 96.
[3] Docket No. 75.
[4] *Id.*

> Between on or about April 23, 2013 and on or about August 14, 2013, in the District of Alaska and elsewhere, the Defendant, JASON JAYAVARMAN, a United States citizen, did attempt to travel in foreign commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with another person.[5]

Title 18 United States Code Section 2423(b) proscribes travel in interstate or foreign commerce for the purpose of engaging in illicit sexual conduct with another person. As pertinent here, § 2423(f) defines illicit sexual conduct as sexual misconduct with a person under 18 years of age if the sexual act occurred in the special maritime jurisdiction of the United States or was a commercial sex act with a person under 18 years of age.[6] Section 2423(e) outlaws an attempt to violate § 2423(b). To be convicted of an attempted violation of 18 U.S.C. § 2423(b) at trial, the government must prove beyond a reasonable doubt that Jayavarman intended to violate § 2423(b) and thereafter took a substantial step towards doing so.[7] Proof of a substantial step requires evidence that the defendant's actions crossed the line between preparation and attempt by unequivocally demonstrating that the crime would have taken place unless interrupted by independent circumstances.[8]

A.   **Jayavarman's Motion to Dismiss**

Jayavarman asks the Court to dismiss Count 2 of the Superseding Indictment pretrial because he "did not make a substantial step towards completing the alleged crime."[9] Jayavarman's motion then catalogues the government's evidence against him. He says the

---

[5] *Id.*
[6] Illicit sexual conduct as defined in 18 U.S.C. § 2423(f) "means (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of Chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age."
[7] *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010), citing *Braxton v. United States*, 500 U.S. 344, 349 (1991).
[8] *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995).
[9] Docket No. 85 at 1.

government will rely primarily on statements he made to an undercover agent. These statements detailed his interest in underage girls, his past sexual conduct with underage girls, the number of times he traveled to Cambodia to engage in sexual conduct with underage girls, his interest in filming sexual conduct with underage girls, the equipment needed to record such conduct, how to get these recordings from Cambodia to the United States, and how to deal with the Cambodian police. These statements also indicated Jayavarman's interest in joining the undercover agent in Cambodia to engage in sexual conduct with underage girls.[10] The government's evidence will include video recordings of encounters Jayavarman had with underage girls while in Cambodia and air travel he booked from Alaska to Cambodia in August 2013.[11]

Jayavarman then argues that his conduct, as a matter of law, cannot constitute a substantial step towards the commission of attempted travel in foreign commerce for the purpose of engaging in prohibited sexual misconduct. This is so, he says, because speech alone cannot constitute a substantial step towards committing a crime. Finally, he argues that his ownership of land in Cambodia, coupled with his purchase of an airline ticket for travel to Cambodia weeks earlier with multiple intermediate stops before finally arriving in Cambodia, is too attenuated to corroborate a criminal intent.[12]

**B.     The Government's Opposition**

The government's opposition centers on the argument that a defendant is not entitled to a pretrial ruling on the sufficiency of the evidence supporting Count 2.[13] His remedy, the government continues, is a Fed. R. Crim. P. 29(a) motion for judgment of acquittal at the close

---

[10] *Id.* at 2.
[11] *Id.*
[12] *Id.* at 3.
[13] Docket No. 96 at 2.

of its case-in-chief.[14] An indictment is sufficient, says the government, if it contains the elements of the offense, informs the accused of what he must be prepared to meet, and adequately protects his right to be free from double jeopardy.[15]

### III. ANALYSIS

The government has the better argument here. There is no such thing as summary judgment motion practice in criminal cases.[16] This is so because "[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence."[17] Jayavarman's claim that the government's evidence is insufficient to establish an attempted violation of 18 U.S.C. § 2423(b) must fail because it is premature. Federal Rule of Criminal Procedure 29(a) allows the Court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." However, Jayavarman must wait until the close of the government's case-in-chief to make that motion and argue that the evidence against him is insufficient as a matter of law to sustain the alleged attempted violation of 18 U.S.C. § 2423(b).[18]

As to the sufficiency of an indictment, Fed. R. Crim. P. 7(c) requires only that it "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment will be sufficient if it tracks the language of the statute constituting the offense, and so long as the words unambiguously set forth all the elements of the offense.[19]

---

[14] *Id.*
[15] *Id.* at 3 n.1.
[16] *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).
[17] *Id.,* quoting *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).
[18] Fed. R. Crim. P. 29(a).
[19] *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003), citing *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989) (quotation marks omitted).

Thus, a defendant may challenge the sufficiency of an indictment before trial.[20] However, such a challenge is limited to the four corners of the indictment.[21] This is so because an "indictment either states an offense or it doesn't."[22] In the present case, Count 2 alleges that Jayavarman attempted to travel in foreign commerce to engage in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with another person. Count 2 tracks the language of the statute and unambiguously sets forth all elements of the offense. Therefore, Count 2 is sufficient to charge a violation of 18 U.S.C. §§ 2423(b) & (e).

The government's obligation at trial will be to prove beyond a reasonable doubt, if it can, that Jayavarman intended to violate 18 U.S.C. § 2423(b), and that his actions constituted a substantial step towards commission of that offense. The government must show that Jayavarman's actions went beyond mere preparation and strongly corroborated the firmness of his alleged criminal intent.[23] Moreover, at least according to Judge Posner of the Seventh Circuit, words alone are not enough to prove a substantial step.[24] But, the Court will not know until the close of the government's case-in-chief whether it intends to rely solely on words as substantial step evidence. Jayavarman's recitation suggests otherwise.

Regardless, if at the close of the government's case Jayavarman believes the government's evidence is legally insufficient, he will be afforded the opportunity to make this argument under Fed. R. Crim. P. 29(a). This rule allows the Court to grant a judgment of acquittal if, after viewing the evidence in the light most favorable to the government, it concludes that no rational trier of fact could find the essential elements of the attempted violation of 18 U.S.C.

---

[20] Fed. R. Crim. P. 12(b)(3)(B)
[21] *Boren*, 278 F.3d at 914.
[22] *Id.*
[23] *Hofus*, 598 F.3d at 1174, citing *Nelson*, 66 F.3d at 1040.
[24] *United States v. Gladis*, 536 F.3d 646, 650 (7th Cir. 2008).

§ 2423(b) proved beyond a reasonable doubt.[25]  However, until then, Jayavarman's challenge to the sufficiency of the evidence supporting Count 2 must await the close of the government's case-in-chief.

## IV.  OBJECTIONS

There were no objections submitted to the Initial Report and Recommendation filed at Docket No. 98.

## V.  CONCLUSION

Based on the foregoing analysis, this Court respectfully recommends that the District Court, after independent review, deny the motion to dismiss Count 2 of the Superseding Indictment at Docket No. 85.

DATED this 24th day of November, 2014, at Anchorage, Alaska.

/s/ Kevin F. McCoy
Kevin F. McCoy
United States Magistrate Judge

---

[25] *United States v. Nevils,* 598 F.3d 1158, 1163-64 (9th Cir. 2010).