KAREN L. LOEFFLER
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
audrey.renschen@usdoj.gov

RAVI SINHA
Trial Attorney
United States Department of Justice
Criminal Division, Child Exploitation and Obscenity Section
1400 New York Avenue NW, Sixth Floor
Washington, D.C. 20005
202-353-4698 (direct)
ravi.sinha@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00097-SLG-JDR |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' FIRST** |
| | ) | **MOTION IN LIMINE** |
| v. | ) | |
| | ) | |
| JASON JAYAVARMAN, | ) | |
| | ) | |
| Defendant. | ) | |

For the reasons set forth below, the United States respectfully moves this

Court for an Order (1) prohibiting Defendant Jason Jayavarman, his counsel, and

any defense witnesses from asking any question, introducing any evidence, or

making any statement regarding the following improper, inadmissible, and/or overly prejudicial matters while the jury is present:

1. Age of Consent

2. Plea Negotiations

3. Other Charges or Purported Motive of the Government

4. Offers to Stipulate

5. Undisclosed Defense Exhibits

6. References to Potential Punishment or Defendant's Personal Background

7. References to Defendant's Health

8. Specific Instance Character Evidence

9. Administrative Discipline

10. Other-Interests Evidence

11. Victim's Sexual Behavior Evidence

12. Exculpatory Hearsay

13. Lack of Criminal History

and (2) allowing the United States to admit a sampling of the child pornography found to have been in Defendant's possession into evidence and to publish those images to the jury in a way that they are not viewable to members of the public who attend the trial.

In support, the United States avers:

1. <u>Age of Consent</u>: This Court should preclude Defendant, his counsel, and all defense witnesses from using testimony, remarks, tangible evidence, exhibits, questions, or arguments which relate, either directly or indirectly, to any alleged age of consent contrary to existing U.S. law. The appropriate age considerations for this case, based on the charged offenses in the Superceding Indictment, are identified by U.S. law. For charges brought under 18 U.S.C. § 2423, the relevant age of consent is: sixteen for non-commercial sex acts and eighteen for commercial sex acts (as defined in 18 U.S.C. § 1591). *See* 18 U.S.C. §§ 2423(f), 2241-48, 1591. Congress similarly set eighteen, instead of sixteen, as the relevant age of consent in federal child pornography statutes, including 18 U.S.C. § 2251(c) with which Defendant is charged. *See* 18 U.S.C. §§ 2251, 2256.

Mention of any foreign or non-applicable age of consent—such as the age of consent in Cambodia or elsewhere—is wholly irrelevant, would be a misstatement of the applicable law, would be contrary to the anticipated jury instructions, and would serve no function but to mislead the jury, confuse the issues, and waste this Court's time. As such, no reference to any alleged age of consent contrary to the ages established by Congress for the charged offenses should be made while the jury is present.

2. <u>Plea Negotiations</u>: This Court should act to preclude Defendant and his

counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place. Such matters would be highly prejudicial and are not proper concerns for the jury. *See* Fed. R. Evid. 401, 402 and 403; *see also* Fed. R. Evid. 410.

3. <u>Other Charges or Purported Motive of the Government</u>: This Court should preclude Defendant, his counsel, and all defense witnesses from using testimony, remarks, tangible evidence, exhibits, questions or arguments which relate, either directly or indirectly, to any charges against Defendant other than those contained in the Superceding Indictment or to any alleged motive of the United States in bringing this prosecution, other than the enforcement of federal statutes.

Defendant has been charged with the sexual exploitation of a child and attempting to travel with the intent to engage in illicit sexual conduct in a foreign place. His offenses involve the sexual abuse and attempted sexual abuse of minor girls in Cambodia. Defendant and/or his counsel's opinions regarding why Defendant has been so charged would be irrelevant to the jury's consideration of the whether Defendant committed these crimes. That the United States has revised its charges against Defendant as the investigation has progressed does not, in any meaningful way, speak to the evidence against Defendant on the present charges. As such, Defendant and/or his counsel's opinions on such matters have

no probative value and can do little more than inflame and confuse the jury. Because such opinions are both wholly irrelevant and overly prejudicial, they should be excluded. *See* Fed. R. Evid. 401, 402 and 403; *see also* Fed. R. Evid. 410.

So too should any opinion or argument that Defendant may seek to present regarding his purported prosecution being either selective or discriminatory. To support a claim of selective or discriminatory prosecution, a defendant bears the burden of establishing unconstitutional discrimination in the administration of a penal statute. *See United States v. Oaks*, 527 F.2d 937, 940 (9th Cir. 1975). In order to establish a *prima facie* case of selective prosecution, a defendant must show both (1) "that others similarly situated have not been prosecuted," and (2) "that the prosecution is based on an impermissible motive," *i.e.*, discriminatory purpose or intent. *United States v. Bourgeois*, 964 F.2d. 935, 938 (9th Cir. 1992) (*citing United States v. Wayte*, 710 F.2d 1385 (9th Cir. 1983)), *aff'd* 470 U.S. 598 (1985). Selective prosecution claims are evaluated according to ordinary equal protection standards. *See Bourgeois*, 964 F.2d at 938.

Similarly, in order to establish a *prima facie* case of vindictive prosecution, a defendant must make a "showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *United States v.*

*Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982).

Defendant cannot point to, nor is there any evidence to suggest, any improper reason or motive for bringing the present charges. Any mention of any alleged impermissible motive (*i.e.* a political agenda or race-based discrimination) would be not only speculative and frivolous, but also wholly irrelevant to whether or not Defendant is guilty of engaging in the sexual exploitation of a child or traveling to engage in illicit sexual conduct in a foreign place. Indeed, any mention of motive or discriminatory purpose would serve no function other than to mislead and confuse the jury, as well as waste this Court's time. Lastly, if such evidence is heard by the jury, the damage to the United States' case would be irreparable such that a motion to strike or cautionary instructions would be inadequate.

4. <u>Offers to Stipulate</u>: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless a stipulation has been agreed upon by the parties and approved by the Court. *See* Fed. R. Evid. 401, 402 and 403; *see also Old Chief v. United States*, 519 U.S. 172, 186-187 (1997).

5. <u>Undisclosed Defense Exhibits</u>: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any

evidence, making any statement, or asking any questions regarding defense exhibits that have not been supplied to the United States prior to trial. Federal Rule of Criminal Procedure 16 requires Defendant to provide reciprocal discovery to the government. To date, no reciprocal discovery has been received by the United States. Rule 16(d)(2) specifically provides, in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

6. <u>References to Potential Punishment or Defendant's Personal Background</u>: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding potential penalties that Defendant faces if convicted. Information about penalties draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromised verdicts, and confuses the issues to be decided. *See United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against Defendant beyond a reasonable doubt. *See* 9th Cir. Crim. Jury Instr. §7.4. Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for Defendant and prejudiced against the United States. *See* 9th Cir.

Jury Inst. §3.1.

Similarly, this Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's current age, family circumstances, finances, or other non-pertinent aspects of Defendant's personal background. Such evidence could improperly arouse the sympathy of the jury, and it should be excluded under the Federal Rules of Evidence 401, 402, and 403. To that end, the United States expressly requests that Defendant be precluded from resorting to a common, yet entirely objectionable, defense tactic of "introducing" Defendant to the jury through the use of exhibits (e.g., family photographs), testimony, or other references regarding Defendant's age, family circumstances, finances, or other non-pertinent aspects of Defendant's personal background. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 states the evidence "which is not relevant is not admissible." Testimony about Defendant's age, family, finances, or personal background are of no consequence to the determination of any essential facts in this case, and are thus patently irrelevant.

Moreover, the introduction of such evidence would violate Federal Rule of Evidence 403. That rule allows a court to exclude relevant evidence where the

danger of unfair prejudice or confusion of the issues outweighs the probative value of such evidence. A trial court has "wide latitude" to exclude such prejudicial or confusing evidence. *See United States v. Saenz*, 179 F.3d 686, 689 (9th Cir. 1999). The admission of such evidence would tend "to induc[e] decisions on a purely emotional basis" in violation of Rule 403. *See* Fed. R. Evid. 403 Advisory Committee Notes; *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998). Juries should not be influenced by sympathy. *See* 9th Cir. Crim. Jury Instr. §3.1. Thus, the United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's current age, family circumstances, finances, or other non-pertinent aspects of Defendant's personal background.

7. <u>References to Defendant's Health</u>: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's current physical or mental health, including, without limitation, current diseases, traumas, illnesses, attacks, and medical or psychological conditions. Though Defendant's health at the time of the offenses may be relevant, information regarding Defendant's current condition is irrelevant, would be highly prejudicial, and is not a proper concern for the jury. *See* Fed. R. Evid. 401, 402 and 403; *cf. United States v. Blaylock*, 20 F.3d 1458, 1463-64 (9th Cir. 1994) (admitting

evidence of poor health as it was relevant to the alleged crime and risk of unfair prejudice was low).

8. <u>Specific-Instance Character Evidence</u>: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any specific acts of Defendant's prior good conduct. Testimony as to multiple instances of good conduct violates Federal Rule of Evidence 405(a). *United States v. Barry*, 841 F.2d 1400, 1403 (9th Cir. 1987); *Gov't of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985). Federal Rule of Evidence 404(a)(1) further states that evidence of a person's character is not admissible for the purpose of proving a person's actions on a particular occasion except when "evidence of a pertinent trait of character [is] offered by an accused or by the prosecution to rebut the same." Thus, a character witness may not offer specific instances of conduct by Defendant which would tend to support the reputation of Defendant. *See United States v. Giese*, 597 F.2d 1170 1188-94 (9th Cir. 1979) (holding that character witnesses must restrict their direct testimony to appraisals of defendant's reputation); *United States v. Hedgecorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible."). In interpreting the permissible scope of character evidence under Rule 404(a), the Ninth Circuit has

ruled that presentation of witnesses to testify about a defendant's character for "law abidingness" and honesty is permissible. *See United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992). Nevertheless, the court has also held that asking a defense witness about the defendant's propensity to engage in a specific type of criminal activity is impermissible under Rule 404(a). *See id.* (finding it impermissible to ask character witnesses about a defendant's propensity to engage in large scale drug dealing). Consequently, the United States moves in limine to prohibit Defendant from introducing testimony from any character witness regarding: (a) any specific instances of Defendant's conduct, and (b) Defendant's propensity to be involved in child exploitation crimes.

9. <u>Administrative Discipline</u>: This Court should act to preclude Defendant and his counsel from engaging in any attempt to impeach any witness with prior administrative disciplinary findings unless and until the Court has an opportunity to review such evidence to determine its admissibility. Federal Rule of Evidence 608(b) allows for evidence of specific instances of conduct to be inquired into on cross-examination if probative of truthfulness or untruthfulness at the discretion of the Court. The United States asks that Defendant's counsel approach the bench before delving into such evidence, thereby allowing the Court to make the appropriate determination on admissibility.

10. <u>Other-Interests Evidence</u>:   This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's purported artistic, scientific, literary, journalistic, therapeutic, or medical interest in child pornography.   Such interests, even assuming *arguendo* that Defendant had them, would not constitute defenses to the crimes for which Defendant is charged because, *inter alia*, the children being abused suffer the same harms regardless of the abuser's motive.   *See United States v. Matthews*, 209 F.3d 338, 345 (4th Cir. 2000) ("In contrast [to adult pornography], any literary, artistic, political, [or] scientific . . . value of child pornography does nothing to ameliorate its harm to children" (*citing New York v. Ferber*, 458 U.S. 747, 764 (1982)).   Thus, courts have rejected "legitimate use" defenses to child exploitation offenses, including child pornography crimes, based on purported academic or literary research.   *See, e.g.*, *id.* (rejecting First Amendment-based literary defense despite court's acceptance that defendant, an award-winning newspaper reporter, had possessed child pornography for sake of legitimate research); *Stanley v. United States*, 932 F. Supp. 418, 421 (E.D.N.Y. 1996) (rejecting academic research defense for purposes of forfeiture statute where defendant claimed to possess child pornography solely for purpose of research he was conducting for published journal).   Moreover, an innocent motive cannot rebut the knowledge requirement contained in 18 United

States Code, Sections 2251(c) (production of child pornography) or 2423(b) (travel with intent to engage in illicit sexual conduct). *See, e.g.*, *United States v. Fox*, 248 F.3d 394, 407-08 (5th Cir. 2001) (finding defendant's defense that he was investigating child pornography "seriously mischaracterizes the statute's scienter element: the government must prove that the defendant knowingly, *i.e.*, voluntarily and intentionally, received child pornography . . . ."); *see also United States v. Johnson*, No. AW-11-552, 2012 WL 2317539, at *5 (D. Md. June 18, 2012) (refusing to allow defendant to testify that he viewed child pornography in the course of conducting research for a book he was writing), *aff'd*, 523 F. App'x 219, 221 (4th Cir. 2013) (explaining defendant's asserted purpose motivating his online conduct is "only marginally relevant to the issue of scienter"). Thus, any effort by Defendant to raise these interests would have no probative value, and would serve only to confuse, prejudice, and mislead the jury. *See* Fed. R. Evid. 401, 402 and 403.

11. <u>Victim's Sexual Behavior Evidence</u>: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the victim's sexual behavior or predisposition. Federal Rule of Evidence 412 provides that evidence "offered to prove that any alleged victim engaged in other sexual behavior" or "offered to prove any alleged victim's sexual predisposition" is

inadmissible at trial unless it fits into one of three categories of exceptions. Fed. R. Evid. 412(a)(1), (a)(2). The Advisory Committee makes clear that the word "behavior" should be construed broadly, including "all activities that involve actual physical conduct" as well as "activities of the mind, such as fantasies and dreams." Fed. R. Evid. 412, advisory committee's note; *see, e.g., B.K.B. v. Maui Police Dept.*, 276 F.3d 1091 (9th Cir. 2002) (in a sexual discrimination case, "sexual behavior" included testimony that victim modeled lingerie for two fellow police officers, once had an orgasm while using a sexual device and thinking of one of the witnesses and wanted to get the witness into bed and "hurt" him).

None of the Rule 412 exceptions are applicable here. The categories of exceptions are: (1) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence; (2) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and, (3) evidence the exclusion of which would violate the constitutional rights of the defendant. Fed. R. Evid. 412(b)(1). There is no accusation in this case Defendant was the source of any semen, injury, or other physical evidence of a sex act. Additionally, because consent is not a defense to the charged offenses, the second exception is inapplicable in this case. Finally, the prosecution will not

introduce evidence of sexual misconduct by the victim, nor would the exclusion of evidence of the victim's sexual behavior violate Defendant's constitutional rights. For these reasons, evidence, testimony, questions, and argument regarding such allegations should be excluded.

    12.   <u>Exculpatory Hearsay</u>:   This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions that include or could be reasonably expected to elicit Defendant's purportedly exculpatory hearsay. A defendant's inculpatory statements, when offered by the government, are admissible as admissions of a party opponent. *See* Fed. R. Evid. 801(d)(2). But, a defendant's exculpatory statements are inadmissible hearsay, even if made contemporaneously with other self-inculpatory statements. *See Williamson v. United States*, 512 U.S. 594, 599 (1994) (finding "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts"); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (affirming district court decision to preclude defendant from "eliciting his own exculpatory statements, which were made within a broader, inculpatory narrative").

    Examples of defendants attempting to slip in favorable evidence through a "back door" abound. For example, defendants have sought to cross-examine the government's witnesses about self-serving, exculpatory portions of otherwise

inculpatory statements.  *See Ortega*, 203 F.3d at 682.  Defendants have also attempted to invoke the "Rule of Completeness" codified in Fed. R. of Evid. 106 into order to "humanize" themselves, invite sympathy, *see, e.g., United States v. Vallejos*, 2014 Westlaw 503537, *5-6 (9th Cir. Feb. 10, 2014), and "admit hearsay testimony through the 'back door' without subjecting themselves to cross-examination."  *Ortega,* 203 F.3d at 683.

The United States files this motion to alert the Court to this possible issue, and to the controlling cases that uniformly hold that a defendant's own non-inculpatory statements are inadmissible hearsay that he may not introduce at trial through the either the back door of cross-examination or invocation of Fed. R. of Evid. 106. Where admissions are concerned, what is good for the goose is not good for the gander.  *See United States v. Mitchell*, 502 U.S. 931, 965 (9th Cir. 2007).  The United States may introduce defendant's recorded inculpatory statements, but defendant may not introduce his own non-inculpatory ones, which are "inadmissible hearsay."  *Id.*

13. <u>Lack of Criminal History</u>:   This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's lack of prior criminal convictions or arrests.   Such evidence is not relevant to the charges pending against the Defendant, and would be offered solely in an effort to dissuade the jury

from convicting the Defendant because he allegedly has no propensity for crime.

It is axiomatic that the sole question for the jury in a criminal trial is whether the defendant engaged in the conduct charged in the Superceding Indictment. For the same reasons that wholly unrelated prior acts of misconduct are excludable unless they fall within one of the exceptions to Federal Rule of Evidence 404(b), Defendant's prior avoidance of charges for misconduct is not relevant. *Compare United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) (finding no abuse of discretion where trial court precluded "general evidence of an absence of criminal conduct") *and Gov't of the Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985) (noting discretion held by trial court and finding no error in trial court's exclusion of evidence that defendant had no prior arrests), *with United States v. Thomas*, 134 F.3d 975, 979-80 (9th Cir. 1998) (limiting admissibility of prior good acts evidence when the defendant's character is central to his or her defense). Moreover, any such evidence would divert the jury's focus away from the issues before it regarding the conduct charged, and raise the danger of a verdict based on events other than those at issue in the Superceding Indictment. Therefore, the Court should preclude the defense from arguing, or eliciting evidence regarding, Defendant's lack of convictions or prior arrests.

14. <u>Admitting and Showing Child Pornography</u>: This Court should also act to allow the United States to admit a sampling of the child pornography relevant to

the charges against Defendant into evidence and to publish those images to the jury in a manner that ensures that they are not viewable by the public. Because Defendant's criminal activity involves, *inter alia*, producing images of child pornography, and Defendant was found to be in possession of child pornography depicting the victim underlying the charge against him, such evidence is highly probative, not overly prejudicial, and should be admitted and published to the jury. But, because the child depicted in those images would be revictimized every time an image depicting her abuse is viewed, this Court should allow the United States to display the child pornography in a way that it is not viewable by members of the public.

## Conclusion

Accordingly, the United States respectfully moves this Court to (1) preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the matters set forth in subsections 1-13 above and (2) allowing the United States to admit a

//

//

//

//

sampling of the child pornography found to have been in Defendant's possession, as set forth above.

RESPECTFULLY SUBMITTED, March 3, 2015, in Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Ravi Sinha
RAVI SINHA
Trial Attorney

s/ Audrey J. Renschen
AUDREY J. RENSCHEN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on March 3, 2015
a copy of the foregoing was served
electronically on: Rex Butler

 s/ Audrey J. Renschen
Office of the U.S. Attorney