KAREN L. LOEFFLER
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska   99513-7567
(907) 271-5071
(907) 271-1500 (fax)
audrey.renschen@usdoj.gov

RAVI SINHA
Trial Attorney
United States Department of Justice
Criminal Division, Child Exploitation and Obscenity Section
1400 New York Avenue NW, Sixth Floor
Washington, D.C. 20005
202-353-4698 (direct)
ravi.sinha@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:13-cr-00097-SLG |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' MOTION** |
| | ) | **IN LIMINE AND NOTICE** |
| vs. | ) | **REGARDING ANTICIPATED** |
| | ) | **INTRODUCTION OF EVIDENCE** |
| JASON JAYAVARMAN, | ) | **PURSUANT TO FED. R. EVID.** |
| | ) | **404(b)** |
| Defendant. | ) | |
| _____ | ) | |

## I. INTRODUCTION

Defendant's trial for production of child pornography and travel with intent to engage in illicit sexual conduct will begin on March 16, 2015. To prove the crimes charged, the United States must show that defendant committed or attempted to commit the criminal acts. Motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or lack of accident, and consciousness of guilt will all be material issues.

To meet its burden, the United States invokes Fed. R. Evid. 404(b). As explained more fully below, this rule of evidence permits the admission of evidence of other crimes, wrongs, or acts of defendant for certain purposes, *including but not limited to* motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or lack of accident. Put simply, the court may admit non-propensity evidence for limited purposes. Fed. R. Evid. 404(b).

## II. PROFFERED EVIDENCE

Consistent with Rule 404(b), the United States anticipates introducing evidence at trial of Defendant's conduct involving two other acts: (1) traveling to Cambodia/engaging in illicit sex with a minor in 2009, and (2) Defendant's

efforts at bribery, witness intimidation, and obstruction of justice. Toward that end, the United States seeks to introduce the following evidence:

1. <u>Evidence regarding Defendant's travel to/engaging in illicit sex with a minor in Cambodia in 2009.</u>  The United States intends to introduce Defendant i.e. the charged videos.  's statements that he traveled to Cambodia in 2009, and had sex with a girl 13 or 14 years-old as well as Defendant's passport and airline records showing that he traveled to Cambodia in 2009.

2. <u>Evidence regarding Defendant's efforts at bribery, witness intimidation, and obstruction of justice.</u>  The United States also intends to introduce evidence regarding Defendant's efforts to bribe the victim and her mother, to intimidate the victim through intermediaries, and to obstruct justice through the procurement of fraudulently obtained birth and identification records for the victim.  As part of its presentation of evidence, the United States intends to introduce recorded jail calls in which Defendant conspires to (1) pay off the victim, (2) pay off the victim's mother, (3) have his Cambodian confederate who has "hired" Cambodian police officers potentially "grab" the victim, and (4) bribe Cambodian officials in order to procure birth and identification records stating that the victim was an adult at the time Defendant produced pornographic videos with her.  The United States also intends to introduce the fraudulently obtained (though duly authenticated) Cambodian birth certificate for the victim as well as an attestation letter regarding the victim's birth. Though the authenticity of the birth certificate and attestation letter were apparently certified by the same Cambodian official, they contain a notable difference—namely, they list different fathers for the victim—that corroborates Defendant's eleventh-hour efforts to procure phony birth records for the victim.

Case No. 3:13-cr-00097-SLG
*United States v. Jayavarman*
3

The foregoing evidence, which is highly relevant and, indeed, intrinsically intertwined evidence of Defendant's guilt, is permitted by Rule 404(b) for the limited and undisputedly relevant purposes of proving motive, opportunity, intent, preparation, knowledge, absence of mistake or lack of accident, and consciousness of guilt.

The United States is not seeking to admit propensity evidence here. Instead, the United States seeks to offer evidence for more limited purposes, and relies on Rule 404(b) to do so.

## III. ANALYSIS

### A. Defendant's statements and corroborating documents of his 2009 conduct are relevant and admissible under Rule 404(b).

Rule 401 of the Federal Rules of Evidence provides that, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Rule 404(b) only allows uncharged act evidence to be admitted on non-character theories of relevance. Rule 404(b) permits the admission of evidence of other crimes, wrongs, or acts of defendant for certain purposes,

including but not limited to motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident, and offers a valid basis for the admission of the other acts evidence.

Here, Defendant's admissions of having sex with a girl in 2009, when he believed the girl was 13 or 14 years old— the same girl he is accused of later using to produce child pornography in Count 1 (herein, at times, "the victim")—provide direct evidence of Defendant's knowledge that the girl was underage. While his knowledge of her age is not an element of the crime of production of child pornography, lack of knowledge is a primary anticipated defense, which makes knowledge a fact of consequence.

Defendant admits consciously and purposefully taking the virginity of a 13 or 14 year-old in 2009. Defendant further admits that after 2009, he continued engaging in sex acts for another three years with the same girl, during which he produced videotaped souvenirs. That initiation in 2009 and his continued conduct from 2010 to 2013, provided Defendant with significant information about the girl, her family, and her age. Defendant's descriptions of his first experiences with the girl shows how carefully he prepared her to have sex for the first time without hurting her, so that she

would continue to be willing and available for future encounters. Such conduct demonstrates Defendant's knowledge of her tender youth, his recognition of an opportunity and motive to continue doing something illegally without being detected in subsequent trips, his planning and preparation, and his lack of mistake about her being underage.

Defendant's 2009 molestation of the victim undoubtedly facilitated and laid the ground work for his subsequent return with a camera for "souvenirs"— i.e. the charged videos—during his trips from 2010 to 2013. As such, the evidence of his 2009 conduct— including his statements and travel documentation—is both relevant and admissible under Fed. R. Evid. 404(b).

Such evidence is admissible under Rule 404(b) if it (1) tends to prove a material fact; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the person committed the act; and (4) if admitted to prove intent or knowledge, the act is similar to that charged. *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288–89 (9th Cir. 1996). Such evidence should be admitted "unless its prejudicial impact substantially

outweighs its probative value" pursuant to Rule 403. *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997).

The government's proffered evidence meets these requirements.

In the parlance of Rule 404(b), the evidence tends to prove a material fact, i.e., that the child depicted in the videos was under 18 years of age, or that Defendant believed her to be and was intending to produce child pornography and took a substantial step toward committing the crime. Defendant's admissions to the undercover agent and to identified law enforcement about his 2009 conduct were clearly against his interest. The conduct he described of having sex with a girl 13 or 14 years-old is not the kind of admission a person would be willing to make if it weren't true.

The 2009 conduct is not remote in time. The conduct occurred in the year preceding those when Defendant routinely produced child pornography during his visits to Cambodia from 2010-2013.

Finally, the 2009 sexual conduct is similar to that involved with production of child pornography. The videos Defendant produced from 2010 to 2013 depict him having sex with the same girl: the one he admitted to first having sex with in 2009. These 404(b) materials also show Defendant's sexual

interest in children, which tends to prove his motive, intent, knowledge, opportunity and the absence of mistake or accident – all of which involve workings of the mind that can otherwise be difficult to ascertain.

For similar reasons, the Ninth Circuit sanctioned the admission, under Rule 404(b), of defendant's sexual stories involving children and adults in a child sex tourism prosecution under 18 U.S.C. § 2423(b). *United States v. Curtin*, 489 F.3d 935, 948 (9th Cir. 2007). The court held that the stories were evidence of the defendant's intent to have sex with a minor, and that the stories "clearly illuminated his thoughts and his subjective intent to carry out his daddy/daughter sexual initiation escapades with a juvenile, not an adult." *Id.* The Ninth Circuit found the intent evidence particularly relevant given the defendant's claimed innocent intent. *Id.* Defendant began planting such a claim when trying to explain his conduct during his post-Miranda interviews.

Thus here, as in *Curtin*, Defendant's sexual conduct in 2009 with a 13 or 14 year-old girl is probative of his motive, intent knowledge, opportunity, plan, preparation, and absence of mistake or lack of accident. The evidence is relevant, material, timely, similar to the charged conduct and sufficient to support a finding that he committed the charged conduct.

**B.  Defendant's statements and corroborating documents regarding his efforts at bribery, witness intimidation, and obstruction of justice are relevant and admissible under Rule 404(b).**

"Other acts" evidence is often admitted as circumstantial proof of a defendant's awareness that what he did was wrong. Consciousness-of-guilt evidence is one of several types of evidence not explicitly mentioned under 404(b), but it has routinely been admitted under 404(b). *See, e.g., United States v. Begay*, 567 F.3d 540, 552 (9th Cir.2009) (finding evidence that defendant intimidated two government witnesses was admissible under Rule 404(b) to show consciousness of guilt); *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir.1995) (affirming the district court's determination that an attempt to intimidate witnesses is admissible under Rule 404(b) to show "consciousness of guilt-second only to a confession in terms of probative value"). Indeed, the admissibility of such evidence—including the evidence of defendant's post-arrest efforts at bribing or intimidating witnesses and/or, broadly speaking, obstructing justice—has been widely recognized as proper, highly probative 404(b) evidence. *See, e.g., Begay*, 567 F.3d at 552; *Meling*, 47 F.3d at 1557; *see also generally United States v. Marfo,* 572 Fed.App'x

Case No. 3:13-cr-00097-SLG
*United States v. Jayavarman*
9

215, 226 (4th Cir. 2014) (collecting cases and noting, "We have allowed evidence of prior threats against witnesses in *unrelated* cases as consciousness-of-guilt evidence under Rule 404"); *United States v. Poulsen*, 655 F.3d 492, 508 (6th Cir. 2011) (recognizing that courts admit "spoliation evidence, including evidence that a defendant attempted to bribe ... a witness," because such spoliation evidence shows "consciousness of guilt.") (citing *United States v. Mendez–Ortiz*, 810 F.2d 76, 79 (6th Cir.1986)); *United States v. Yi*, 460 F.3d 623, 633-4 (5th Cir. 2006) (affirming district court's admission of bribery-related statements under Rule 404(b) because such statements were "relevant and highly probative of intent, knowledge, and absence of mistake"); *United States v. Nichols*, 374 F.3d 959 (10th Cir. 2004) (affirming that a defendant's threat against a potential witness is generally admissible under Rule 404(b) for the purpose of showing consciousness of guilt) *vacated on other grounds by Nichols v. United States*, 543 U.S. 1113 (2005); *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003) ("[T]hreats against a witness constitute an effort by the defendant to tamper with the substance of the government's case, and thus are probative of a defendant's awareness that the government is likely to prevail at trial."); *United States v. Rock*, 282 F.3d

548, 552 (8th Cir.2002) (affirming denial of the defendant's motion to sever felon-in-possession charge from witness tampering charge; stating "[w]here evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together"); *United States v. Gatto*, 995 F.2d 449, 454 (3d Cir.1993) ("It is well-established that evidence of threats or intimidation is admissible under Rule 404(b) to show a defendant's consciousness of guilt . . . ."); *United States v. Paccione*, 949 F.2d 1183, 1199 (2d Cir. 1991) ("These statements by [the defendant], which the jury was plainly free to interpret as offering bribes, were relevant to show a consciousness of guilt ... and thereby to cast doubt on his lack-of-intent defense."); *United States v. Balzano*, 916 F.2d 1273, 1281 (7th Cir.1990) (applying general rule in affirming trial court's denial of motion to sever that "evidence of a defendant's attempts at intimidation of a witness or of a person cooperating with a government investigation is admissible to demonstrate a defendant's 'consciousness of guilt' of the charges which were the subject of the witness' testimony or cooperation"); *United States v. Fagan*, 821 F.2d 1002, 1007 (5th Cir.1987) (explaining that evidence

of mail fraud is admissible in a trial for witness tampering to show motive, while evidence of witness tampering is admissible in a trial for mail fraud to show "guilty knowledge"); *United States v. Monahan*, 633 F.2d 984, 985 (1st Cir.1980) (stating that "[e]vidence of threats to witnesses can be relevant to show consciousness of guilt," particularly where a defendant's conduct "implies a knowledge and fear of particular and damaging testimony intimately related to the prosecution at hand").

The consciousness-of-guilt evidence that the United States seeks to offer under Rule 404(b) here is wholly consistent with this uncontroversial precedent and, thus, should be admitted. Specifically, the United States intends to offer evidence showing that, following his arrest, Defendant conspired with others in an effort to (1) bribe the victim in advance of her potential participation in the investigation, (2) bribe the victim's mother with the apparent intent to influence the victim's participation in the investigation, (3) employ a confederate in Cambodia who "hired" Cambodian Police officers who might be able to "grab" the victim, and (4) bribe Cambodian officials to procure a birth certificate and national identification card for the victim showing that the victim was an adult at the time Defendant produced

pornographic videos with her. To that end, the United States intends to rely on Defendant's jail calls, in which he discusses his concerted efforts to tamper with the victim and obstruct justice. The United States also intends to rely on both the "authentic" Cambodian birth certificate that Cambodian officials have offered for the victim and an attestation letter that a Cambodian official wrote regarding the victim's age. Though both documents were certified as authentic by the same Cambodian official, they contain notable mistakes—the birth certificate incorrectly lists the day of the victim's birth as being a Friday (when the purported date of birth actually fell on a Sunday) and the attestation letter incorrectly lists the victim's father's name (or, at least a different father than the birth certificate). These mistakes are indicative of the hasty and illegitimate manner in which the documents were created and, taken in the context of Defendant's jail calls, are corroborative of Defendant's efforts to obstruct justice.

Because this evidence is highly probative of, inter alia, Defendant's consciousness of guilt and not unduly prejudicial, it should be admitted under Rule 404(b).

Case No. 3:13-cr-00097-SLG
*United States v. Jayavarman*

13

RESPECTFULLY SUBMITTED this 4th day of March, 2015, in Anchorage, Alaska.

>KAREN L. LOEFFLER
>United States Attorney
>
>s/ Audrey J. Renschen
>AUDREY J. RENSCHEN
>Assistant U.S. Attorney
>United States of America
>
>s/ Ravi Sinha
>RAVI SINHA
>Trial Attorney

CERTIFICATE OF SERVICE
I hereby certify that on March 4, 2015
a copy of the foregoing was served
electronically on: Rex Butler

 s/ Audrey J. Renschen
Office of the U.S. Attorney