KAREN L. LOEFFLER
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
audrey.renschen@usdoj.gov

RAVI SINHA
Trial Attorney
United States Department of Justice
Criminal Division, Child Exploitation and Obscenity Section
1400 New York Avenue NW, Sixth Floor
Washington, D.C. 20005
202-353-4698 (direct)
ravi.sinha@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:13-cr-00097-SLG |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **SUPPLEMENTAL MOTION** |
| vs. | ) | **IN LIMINE AND NOTICE** |
| | ) | **REGARDING ANTICIPATED** |
| JASON JAYAVARMAN, | ) | **INTRODUCTION OF EVIDENCE** |
| | ) | **PURSUANT TO FED. R. EVID.** |
| Defendant. | ) | **404(b)** |
| _____ | ) | |

On March 4, 2015, the United States filed a *Motion in Limine and Notice Regarding Anticipated Introduction Evidence Pursuant to Fed. R. Evid. 404(b)* (Doc. 102). On March 6, 2015, the United States met with a potential witness, Markus Fries, regarding the upcoming trial against Defendant Jason Jayavarman. In light of that meeting—which was the first opportunity that prosecutors had to meet with Mr. Fries since trial preparations began last month—the United States now provides notice of additional testimony that it intends to introduce in accordance with Rule 404(b).[1] This evidence, which is summarized below, will be offered to show Defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, and/or lack of accident regarding the charges against him.

Specifically, the United States seeks to introduce testimony regarding, *inter alia*, Defendant's admissions to Mr. Fries. Mr. Fries is expected to testify that, between approximately 2007 and 2010:

- Defendant unsuccessfully sought Mr. Fries' assistance in Defendant's efforts to open a hotel in Cambodia where

---

[1] Though it had repeatedly sought to contact Mr. Fries since the middle of February, the United States was unable to reach Mr. Fries until yesterday. It is believed that Mr. Fries' recent change in cell phone carriers and delay in setting up his voicemail may account for the breakdown in communication.

Case No. 3:13-cr-00097-SLG
*United States v. Jayavarman*

> Defendant could charge men $500 to have sex with "virgin" girls from Vietnam.

- Defendant repeatedly spoke to Mr. Fries about Defendant's interest in and experience with having sex with minors in Cambodia.

- Defendant unsuccessfully offered to arrange for Mr. Fries to have sex with "virgin" Vietnamese girls between the ages 12 and 14 in Cambodia in exchange for $500 per week.

- Defendant told Mr. Fries that Defendant had sex with underage girls at the apartment of one of Defendant's Anchorage-based associates.

- Following Defendant's statements to him, Mr. Fries contacted Crime Stoppers to report Defendant's child-molestation activities.

This evidence is admissible under Rule 404(b) because Mr. Fries' anticipated testimony speaks directly to Defendant's repeated, knowing, and systematic efforts to (1) travel to Cambodia to have sex with Cambodia-based children who he knew were underage and (2) to arrange for other individuals who travel to Cambodia to engage in commercial sex acts with Cambodia-based children. For obvious reasons, these admissions by Defendant—including Defendant's statements regarding his interest in and

experience with molesting Cambodia-based children—are highly probative of Defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, and/or lack of accident in the charges against him. Indeed, these statements make clear that Defendant has knowingly sought to engage in—and, at times, did in fact engage in—a highly specific course of child-molestation activities in Cambodia that are strikingly similar to the facts underlying both of his present charges.

Thus, because this evidence is highly probative of, *inter alia*, (1) Defendant's knowledge and intent in producing child pornography in Cambodia and (2) his motive, opportunity, preparation, and plan in attempting to travel to Cambodia with the United States' undercover agent to arrange and engage in commercial sex acts with Cambodia-based children, it should be admitted under Rule 404(b).

//

//

//

RESPECTFULLY SUBMITTED this 6th day of March, 2015, in Anchorage, Alaska.

                                        KAREN L. LOEFFLER
                                          United States Attorney

                                        s/ Audrey J. Renschen
                                        AUDREY J. RENSCHEN
                                        Assistant U.S. Attorney
                                        United States of America

                                        s/ Ravi Sinha
                                        RAVI SINHA
                                        Trial Attorney

CERTIFICATE OF SERVICE
I hereby certify that on March 6, 2015
a copy of the foregoing was served
electronically on:
Rex Butler

 s/ Audrey J. Renschen
Office of the U.S. Attorney

Case No. 3:13-cr-00097-SLG
*United States v. Jayavarman*