# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

               Plaintiff,

    vs.

JASON JAYAVARMAN,

               Defendant.

Case No. 3:13-cr-00097-SLG

## <u>ORDER RE PENDING MOTIONS</u>

Before the Court is Defendant Jason Jayavarman's Motion for a New Trial at Docket 264 and Motion to Set Aside Count 1B Conviction and to Dismiss and to Bar Further Prosecution at Docket 265. The Government responded to both motions at Docket 280.

## BACKGROUND

On March 23, 2015, a jury found Mr. Jayavarman guilty on Count 1B for attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(c) and (e), and Count 2B for attempting to aid and abet another person's travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) and (e).[1] On March 29, 2016, the Court entered a final judgment, sentencing Mr. Jayavarman to "216 months on Counts 1[B] and 2[B] of the Superseding Indictment," to be served concurrently, followed by a lifetime of

---

[1] Docket 130 (Jury Verdict).

supervised release.[2]

Mr. Jayavarman appealed the final judgment to the Ninth Circuit.[3]  On appeal, Mr. Jayavarman asserted that Count 2B should be vacated because 18 U.S.C. § 2423 does not include attempt to aid and abet.  The Government conceded this point.  The Ninth Circuit accepted this concession and vacated Mr. Jayavarman's conviction and sentence as to Count 2B.[4]

Mr. Jayavarman also raised a number of challenges as to Count 1B on appeal.  He argued an attempted violation of § 2251(c) requires the victim to actually be a minor and that a conviction based on his belief that the victim was a minor violated the Foreign Commerce Clause and the First Amendment.[5]  He further asserted that there was insufficient evidence to establish that he believed the victim was a minor and that the record was inconclusive as to whether the district court had fully reviewed certain exhibits before admitting them into evidence.  Lastly, he maintained that the district court erred in finding that he did not need an interpreter.  The Circuit considered but rejected each of these arguments.  It affirmed the conviction on Count 1B and concluded: "[i]n addition to vacating Jayavarman's conviction and sentence as to Count 2B, we also vacate his sentence as to Count 1B and remand for resentencing because Jayavarman's sentence

---

[2] Docket 241 (J.) at 2–3.

[3] *United States v. Jayavarman*, 871 F.3d 1050 (9th Cir. 2017).  The mandate was issued on December 21, 2017.  Docket 256 (Mandate).

[4] *Id.* at 1056.

[5] *Id.*

as to Count 1B was likely affected by his conviction as to Count 2B."[6]

On remand to this Court, Mr. Jayavarman moves for a new trial at Docket 264, arguing the evidence presented to the jury as to Count 2B was so prejudicial to him that a new trial is necessary as to Count 1B. He also asserts that his 1B conviction should be set aside for several reasons listed below.

## DISCUSSION

1. <u>Motion for a New Trial</u>

Mr. Jayavarman asserts in his Motion for a New Trial that "[h]ighly inflammatory evidence was admitted at trial as to Count 2, which was not relevant to Count 1 and/or should be excluded under Evidence Rule 403."[7] The Government responds that this Court's authority on remand does not extend to ordering a new trial on Count 1B because the Ninth Circuit has affirmed the conviction on Count 1B and remanded that count only for resentencing.[8]

"It is well-settled that the mandate of an appellate court 'is controlling as to matters within its compass.'"[9] "[U]pon receiving the mandate of an appellate court, [the district court] cannot vary it or examine it for any other purpose than execution."[10] "A district

_____

[6] *Id.* at 1066.

[7] Docket 264 at 3.

[8] Docket 280 at 12.

[9] *United States v. Colvin*, 204 F.3d 1221, 1226 (9th Cir. 2000) (quoting *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986)).

[10] *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).

court is limited by [the appellate court's] remand when the scope of the remand is clear."[11]

In this case, the Ninth Circuit held as follows:

> In addition to vacating Jayavarman's conviction and sentence as to Count 2B, we also vacate his sentence as to Count 1B and remand for resentencing because Jayavarman's sentence as to Count 1B was likely affected by his conviction as to Count 2B.
>
> . . .
>
> Though the district court formally imposed a separate sentence for each of Jayavarman's two counts of conviction, it appears that it viewed the total length of imprisonment as a package for both convictions. At sentencing, Jayavarman argued that he should not be given the same sentence for each count. When the district court solicited the probation officer's view, the probation officer said: "Well Your Honor, I mean, I look at the cases, you know, in their totality, and typically, I don't separate out each count and do it that way." The district court then stated: "I did consider both of the offenses together in imposing the sentence.... I did do the sentencing rather holistically in reaching that figure, and I will maintain that as concurrent on the 216." The district court also said: "I was viewing the two crimes jointly as the basis for the Court's finding." Accordingly, we vacate both of Jayavarman's sentences even though we vacate only one of his convictions.
>
> We affirm Jayavarman's conviction as to Count 1B for attempt to produce and transport a sexually explicit visual depiction of a minor. We vacate Jayavarman's conviction as to Count 2B for attempt to aid and abet travel with intent to engage in illicit sexual conduct. We vacate his sentence as to both counts and remand for resentencing.[12]

The scope of the mandate from the Circuit is a "remand for resentencing."

Therefore, in accordance with the rule of mandate, this Court cannot grant Mr. Jayavarman a new trial as to Count 1B and the motion for a new trial must be denied.[13]

---

[11] *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

[12] *United States v. Jayavarman*, 871 F.3d 1050, 1066–67 (9th Cir. 2017) (internal citations omitted).

[13] In Mr. Jayavarman's opening brief on appeal, he did not request a new trial on Count 1B. Rather, he stated "Defendant is not appealing the Imposition of Sentence, except to the extent it

2. <u>Motion to Set Aside Count 1B Conviction</u>

Mr. Jayavarman moves to set aside his Count 1B conviction and to "dismiss any proceedings against him, i.e. to not only preclude a mandatory minimum sentence to be imposed, but to preclude any such minimum sentence or otherwise being imposed given the facts and circumstances of this case."[14]  This Court had previously found that the mandatory minimum sentence of 15 years applied to Count 1B.[15]  Mr. Jayavarman requests the Court to rule that the mandatory minimum sentence: "1) In any event does not apply to this case; 2) If called for is cruel and [un]usual punishment; 3) That the mandatory minimum does not apply given the rational reading of the statute; and 4) That the mandatory minimum and any part of the statute if applied to the [f]acts of this case are unconstitutional; 5) and that actual further prosecution of Mr. Jayavarman in facts of this case are banned, in particular given the fact that if the statute is so applied, doing so illustrates that the statute is thus overbroad and/or vague, and thus unconstitutional and

---

is Defendant's position that if this Court reverses as to either Count, but maintains the conviction as to the other Count, a new sentencing proceeding must occur."  Appellant's Opening Brief at 56, *United States v. Jayavarman*, 871 F.3d 1050 (9th Cir. 2017), 2016 WL 4506243, at *56.

After the Ninth Circuit issued its opinion, Mr. Jayavarman argued to that court that he "is entitled to a new trial."  Docket 265-1 (Petition for Rehearing).  However, the panel subsequently denied Mr. Jayavarman petition for rehearing.  Order, Case No. 16-30082 (No. 44).

Mr. Jayavarman also argues that "the Court must assess the degree of similarity of the dismissed count and the count of conviction upheld on appeal."  Docket 264 at 7.  In the Second Circuit case he cites for that proposition, the Circuit Court had vacated one count of the conviction and instructed the district court to dismiss that count on remand.  The Circuit Court also vacated the remaining counts, but, unlike Mr. Jayavarman's case, it remanded those counts "for a new trial should the government choose to proceed further on those counts."  *United States v. Rooney*, 37 F.3d 847, 857 (2nd Cir. 1994).  Here, the Ninth Circuit did not remand Count 1B for a new trial; rather, it affirmed the conviction on Count 1B and remanded that count solely for resentencing.

[14] Docket 265 at 1.

[15] Docket 242 (Statement of Reasons) at 1; *see also* Docket 233 (PSR) at 1.

the charges must be stricken, and Count 1B conviction set aside, and further prosecution banned."[16]  However, the rule of mandate precludes this Court from setting aside Mr. Jayavarman's conviction on Count 1B.  The Ninth Circuit's mandate in this case directs the Court to resentence Mr. Jayavarman on Count 1B.  Accordingly, Mr. Jayavarman's motion to set aside his conviction on that count must be denied.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant Jason Jayavarman's Motion for a New Trial at Docket 264 and Motion to Set Aside Count 1B Conviction and to Dismiss and to Bar Further Prosecution at Docket 265 are DENIED.

DATED this 12th day of April, 2018 at Anchorage, Alaska.


/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[16] Docket 265 at 4.