**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

        Respondent,

    v.

JASON JAYAVARMAN,

        Petitioner.

Case No. 3:13-cr-00097-SLG

## ORDER RE SECTION 2255 PETITION

Before the Court at Docket 332 is Defendant Jason Jayavarman's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] The government opposed at Docket 328. Mr. Jayavarman replied at Docket 329.

## BACKGROUND

### A. Procedural History

On August 23, 2013, a grand jury indicted Mr. Jayavarman on six counts: production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e); transportation of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1); possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2); engaging in illicit sexual conduct in a foreign place in violation of 18

---

[1] Because Mr. Jayavarman did not sign or verify his original petition at Docket 316, the Court dismissed it without prejudice and granted Mr. Jayavarman an opportunity to file an amended verified petition. *See* Docket 331.

U.S.C. § 2423(c); travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b); and travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. §§ 2423(b) and (e).[2]

A superseding indictment was returned on September 17, 2014, charging Mr. Jayavarman on just two counts: production and attempted production of child pornography in violation of 18 U.S.C. §§ 2251(c) and (e); and attempt to travel with intent to engage in sexual conduct in violation of 18 U.S.C. §§ 2423(b) and (e).[3] The case proceeded to trial on those two counts.

At trial, the verdict form broke down the counts as follows: sexual exploitation of a child (Count 1A), attempted sexual exploitation of a child (Count 1B), attempted travel with intent to engage in illicit sexual conduct (Count 2A), attempt to aid and abet another person's travel with intent to engage in sexual conduct (Count 2B).[4] The Court instructed the jury that "[a] separate crime is charged on each count separately. Your verdict on one count should not control your verdict on any other count. In this case, there are separate theories for each count."[5] The Court additionally instructed the jury on the elements of the four

---

[2] Docket 12.

[3] Docket 75.

[4] Docket 130 at 1–3.

[5] Docket 128 at 12.

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 2 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 2 of 16

counts with four separate jury instructions.[6] On March 23, 2015, after a five-day trial, the jury found Mr. Jayavarman guilty of Counts 1B and 2B.[7] The jury did not reach a unanimous verdict on the remaining counts.[8]

Mr. Jayavarman was sentenced to a term of 216 months imprisonment on both counts 1B and 2B, to be served concurrently, followed by a life term of supervised relief.[9] He appealed his conviction to the Ninth Circuit Court of Appeals.[10] A panel of the Ninth Circuit affirmed the conviction for attempted sexual exploitation of a child (Count 1B) and vacated the conviction for attempt to aid and abet travel with intent to engage in illicit sexual conduct (Count 2B).[11] The Ninth Circuit vacated the sentence as to both counts and remanded for resentencing, reasoning that Mr. "Jayavarman's sentence as to Count 1B was likely affected by his conviction as to Count 2B."[12] On remand, Mr. Jayavarman was sentenced to 204 months followed by a life term of supervised release.[13] Again, Mr. Jayavarman

---

[6] Docket 128 at 14–23 (Instruction Nos. 13, 14, 15, and 16).

[7] Docket 130.

[8] Docket 130.

[9] Docket 241 at 2.

[10] Docket 23.

[11] Docket 254 at 7–8 and 28. The Ninth Circuit accepted the government's concession that the conviction on Count 2B must be vacated because 18 U.S.C. § 2423 does not cover attempted aiding and abetting. *Id.* at 7–8.

[12] Docket 254 at 28.

[13] Docket 299.

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 3 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 3 of 16

appealed to the Ninth Circuit; however, on October 16, 2018, he voluntarily dismissed his appeal.[14] Mr. Jayavarman timely filed a motion to vacate pursuant to 28 U.S.C. § 2255, seeking to vacate the sentence for ineffective assistance of counsel.[15] An amended motion with a verified signature by Mr. Jayavarman was filed on August 10, 2020.[16]

### B. Plea Agreement

Before trial, the parties discussed a possible plea agreement. On August 12, 2014, Mr. Jayavarman's counsel, Rex Butler, wrote to Assistant United States Attorney ("AUSA") Audrey Renschen:

> I met with my client and provided him with a copy of the various scenarios, however, those certain scenarios we reviewed created certain zones depending on certain circumstances but as things stand today it appears we still do not have a particular offer. Please correct me if I am mistaken.[17]

On August 13, 2014 AUSA Renschen replied:

> There actually was a "particular offer" made at our August 17th, 3 pm meeting in the United States Attorney's Office . . . The offer extended was to plead guilty to Count 6 of the Indictment – Travel with Intent to Engage in Illicit Sexual Conduct (18 U.S.C. §§ 2423(b) and (e)), as an attempt/aiding and abetting the travel of another – with open

---

[14] Docket 301 and Docket 312.

[15] Docket 316 at 8, 12. The judgment of conviction became final on October 16, 2018, when the appeal was dismissed. Mr. Jayavarman filed his petition on October 7, 2019. *See* 28 U.S.C. §§ 2255(f)(1).

[16] Docket 332.

[17] Docket 328-1 at 4.

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 4 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 4 of 16

sentencing. . . . We agreed that you would respond by the end of last week. At this point, we are proceeding with trial preparation.[18]

On August 13, 2014, Mr. Butler responded:

> It certainly jogged my memory and you are correct. I recall these things just as you have presented them here. I will go back down to the jail and present this to my client and get back with you as soon as possible. I've been in 3 back to back trials and have been in trial for five straight weeks.[19]

On August 26, 2014, AUSA Renschen sent a formal, signed letter to Mr. Butler:

> This letter is to confirm today's telephone conversation about extending the plea agreement offer until September 10, 2014. *As you know, and as I should have emphasized in our conversation, it is very unusual to reopen a plea offer*, but this is being done because of your unexpected situation of being in three back to back trials for seven straight weeks.
>
> The offer is to plead guilty to Count 6 of the Indictment . . . . As you know, the guilty plea to Count 6 carries no mandatory minimum prison sentence. The most obvious and important benefit of the plea agreement for your client is that Count 1, Production of Child Pornography, will be dismissed. Mr. Jayavarman will thus avoid the certainty of at least 15 years imprisonment – the mandatory minimum sentence on that charge. (All charges other than Count 1 will also be dismissed).
>
> **In order to benefit from this agreement, you must advise me on or before noon on September 10th** that your client wishes to accept the plea agreement. This is a firm deadline. If you do not so advise, the case will proceed to trial and no further plea offers will be possible.
>
> . . .

---

[18] Docket 328-1 at 5.

[19] Docket 328-1 at 6.

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 5 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 5 of 16

If Mr. Jayavarman accepts the offer by noon on September 10th, we will quickly provide you with the written plea agreement . . . .[20]

Mr. Butler represents, in a declaration filed with the government's opposition to this motion, that he "went to Mr. Jayavarman to see if he would be willing to resolve his case pretrial and presenting the information contained in the e-mail" from AUSA Renschen.[21] Mr. Butler further declares that "any offer, perceived or real, was presented to Mr. Jayavarman" but that "he was not willing to resolve his case pretrial" and "he rejected the offer."[22]

## DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[23] "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."[24]

---

[20] Docket 317-1 at 1–2 (emphases in original).

[21] Docket 328-1 at 3, ¶ 7.

[22] Docket 328-1 at 3, ¶¶ 8–10.

[23] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

[24] *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citing *Strickland*, 466 U.S. at 689).

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 6 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 6 of 16

A district court should grant an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[25] The burden on the petitioner to obtain an evidentiary hearing is "fairly lenient," but nonetheless requires him "to allege specific facts which, if true, would entitle him to relief."[26] An evidentiary hearing is not necessary if the petitioner's allegations are "so palpably incredible or patently frivolous as to warrant summary dismissal."[27]

Mr. Jayavarman requests that the Court vacate his conviction based on either of his two claims of ineffective assistance of counsel: (1) his counsel's alleged failure to communicate a formal plea offer prior to its expiration, and (2) his counsel's failure to object to an allegedly duplicitous indictment and to the jury charge allowing for conviction on sub-counts of an indictment.[28] Mr. Jayavarman requests an evidentiary hearing as well as discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings.[29]

---

[25] 28 U.S.C. § 2255(b).

[26] *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)); *see also United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

[27] *United States v. McMullen*, 98 F.3d at 1159 (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)).

[28] Docket 316 at 8, 12.

[29] Docket 329 at 3. Rule 6 provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure," and requires the requesting party to "provide reasons for the request" and "specify any requested documents."

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 7 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 7 of 16

For the following reasons, the Court determines that limited discovery and an evidentiary hearing are warranted on Mr. Jayavarman's first claim, but that Mr. Jayavarman's second claim is without merit and should be summarily dismissed.

### A. Claim 1: the Plea Agreement

"Defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," and if "defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires."[30]

To "show prejudice from ineffective assistance of counsel where a plea offer has lapsed . . . defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel" and "demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it."[31] The defendant must also "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."[32]

---

[30] *Missouri v. Frye*, 566 U.S. 134, 145 (2012); *see also Turner v. Calderon*, 281 F.3d 851, 879–80 (9th Cir. 2002) ("*Strickland*'s two-prong test applies to ineffectiveness claims arising from the plea process.").

[31] *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

[32] *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 8 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 8 of 16

Mr. Jayavarman contends that "Mr. Butler never communicated to him that the Government had reopened plea negotiations prior to the September 10, 2014 deadline,"[33] and that, accordingly, his "counsel's performance was below that guaranteed by the Sixth Amendment."[34] Mr. Jayavarman adds that he "would have accepted the Government's plea offer" and that it was "evident from the Government's letter that it would not have rejected Jayavarman's acceptance if provided prior to the September 10, 2014 deadline."[35] Mr. Jayavarman contends that the "proper remedy under these circumstances would be to vacate [his] conviction and sentence and for the government to re-offer its formal plea agreement" for his consideration.[36]

The government, in contrast, maintains that "evidence shows that trial counsel *did* convey the Government's plea offer to Defendant."[37] Specifically, the government emphasizes that "Defendant's trial counsel has stated in his declaration that he, in fact, communicated the Government's plea offer to Defendant and that Defendant rejected that offer."[38] The government adds that

---

[33] Docket 317 at 9.

[34] Docket 317 at 10.

[35] Docket 317 at 11. Mr. Jayavarman emphasizes that the letter stated that if he "accepts the offer by noon on September 10th, we will quickly provide . . . [a] written plea agreement and with the Court's permission, we will use the September 17th status hearing date for the guilty plea." Docket 317 at 11.

[36] Docket 317 at 12.

[37] Docket 328 at 7 (emphasis added).

[38] Docket 328 at 8. The Court notes that Mr. Jayavarman was present at a September 22, 2014

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 9 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 9 of 16

Mr. Jayavarman has not provided a declaration to the contrary.[39]

In his reply brief, Mr. Jayavarman disputes the significance of Mr. Butler's declaration, noting that none of the three communications with AUSA Renschen on which Mr. Butler relies establishes that Mr. Butler met with Mr. Jayavarman or that he conveyed the plea offer.[40] Mr. Jayavarman contends that Mr. Butler never visited him at the Anchorage Correctional Center between August 26, 2014, when Mr. Butler received the formal offer letter, and September 10, 2014, when the offer expired.[41] Mr. Jayavarman requests that the Court order visitation logs from the Anchorage Correctional Center between those dates, and order Mr. Butler to provide any records evidencing a visit during that time.[42]

The Court finds that Mr. Jayavarman has met the "fairly lenient" burden to obtain an evidentiary hearing on these claims by alleging specific facts, which if

---

status conference when Mr. Butler told the Court that "[c]ounsel did extend an offer . . . I did discuss the matters with my client . . . [a]nd at this time, he prefers to go to trial." Docket 330 at 3:21–25.

[39] Docket 328 at 8. Although Mr. Jayavarman did not submit a declaration along with this motion, at the resentencing in this case in June 2018, he stated that Mr. Butler had failed to communicate the Government's plea deal. *See* Docket 308 at 48:17–23 ("There were two Government formal offers before trial, but my trial lawyer did not let me know, did not advise me of the offer, did not allow me to consider. They just send me the copy of the form, and he never talked to me. And every time when I called him, he either at another trial or he was out of town. He never got to talk to me about the Government formal offers."); *see also* Docket 308 at 50:1–5 ("[A]bout the deal, he is supposed to talk to me because I could have taken the deal, so maybe I get less time, and now it's – he did not tell me until now.").

[40] Docket 329 at 4–5.

[41] Docket 329 at 6.

[42] Docket 329 at 9.

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 10 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 10 of 16

true, would entitle him to relief;[43] Mr. Jayavarman has alleged that his counsel failed to communicate to him a plea deal that he would have accepted.[44] Accordingly, an evidentiary hearing is warranted to determine whether Mr. Butler communicated the plea deal to Mr. Jayavarman, and if not, whether Mr. Jayavarman would have accepted the plea offer.[45]

Further, the Court finds that there is good cause to authorize the limited discovery requested by Mr. Jayavarman. Although Mr. Butler declares that he communicated the formal offer to Mr. Jayavarman, the record before the Court shows that on a prior occasion, Mr. Butler had inadvertently failed to communicate a plea offer to Mr. Jayavarman before its expiration.[46]

Mr. Jayavarman seeks two categories of discovery. First, he requests a copy of his visitor logs from the Anchorage Correctional Center for the period from August 26, 2014 to September 10, 2014. Second, he requests any records or documents of Mr. Butler's evidencing that he visited Mr. Jayavarman or otherwise

---

[43] Mr. Jayavarman contends that the plea offer "would have resulted in a reasonable probability of a lesser sentence, as Jayavarman would not have been subject to the statute's mandatory minimum term of imprisonment and his Guidelines calculations would have produced a lower range." Docket 317 at 11. The government does not dispute that, if true, counsel's failure to disclose the offer was prejudicial. *See generally* Docket 328.

[44] *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (requiring petitioner "to allege specific facts which, if true, would entitle him to relief" (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996))).

[45] *See United States v. Baylock*, 20 F.3d 1458, 1466 (9th Cir. 1994) (remanding for an evidentiary hearing to determine whether petitioner would have accepted the plea).

[46] *See* Docket 328-1 at 5 (AUSA Renschen reminding Mr. Butler that there was a "particular offer" made and that he had agreed to "respond by the end of last week").

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 11 of 16
Case 3:13-cr-00097-SLG Document 334 Filed 09/22/20 Page 11 of 16

communicated the plea offer to Mr. Jayavarman during the same time frame. The Court orders the government to provide all documents it can obtain that are responsive to these requests within **21 days** of the date of this order. However, in the likely event the government cannot obtain either the visitor logs or Mr. Butler's records, it should so inform Mr. Jayavarman, in which case Mr. Jayavarman is authorized to seek these specific documents only directly from the third parties by subpoena pursuant to Rule 45, Federal Rules of Civil Procedure.[47]

### B.     Claim Two: Duplicitous Indictment

Mr. Jayavarman contends that Count One of the Superseding Indictment was erroneously duplicitous[48] because it charged Mr. Jayavarman with the substantive and attempted offenses in a single count:

> Between on or about April 7, 2010 and on or about August 14, 2013, in the District of Alaska and elsewhere, the Defendant Jason Jayavarman, *did, and did attempt to*, employ, use, persuade, induce, entice, and coerce a minor child to engage in any sexually explicit conduct outside of the United States for purpose of producing a visual depiction of such conduct and thereafter transported such visual depiction to the United States by any means, including by using any means or facility of interstate or foreign commerce.[49]

Mr. Jayavarman maintains that trial counsel should have objected to the duplicity

---

[47]  *See* Rule 6, Rules Governing Section 2255 Proceedings.

[48] "[A]n indictment is duplicitous where a single count joins two or more distinct and separate offenses." *United States v. UCO Oil. Co.*, 546 F.2d 833, 835 (9th Cir. 1976)).

[49] Docket 317 at 13 (emphasis added) (quoting Docket 75).

Case No. 3:13-cr-00097-SLG,  *United States v. Jayavarman*
Order re Section 2255 Petition
Page 12 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 12 of 16

of Count One of the Superseding Indictment, thereby forcing the government "to select which sub-count to proceed to trial on, rather than both being submitted to the jury."[50]  Mr. Jayavarman reasons that "there would be a fifty-fifty chance on which sub-count the Government chose to pursue," and in light of the jury's failure to reach unanimity on Count 1A, "there stands a reasonable probability that a timely objection . . . would have resulted in a different outcome at trial."[51]  In the alternative, Mr. Jayavarman contends that counsel was ineffective for failing to object to the Court's jury instructions, which "allowed both sub-counts to proceed to the jury."[52]  He contends that the instructions and the verdict form improperly allowed the jury to convict him on the individual sub-counts when, in fact, he could only be found guilty of Count 1 of the Superseding Indictment if the jury found he both "did and did attempt" to violate 18 U.S.C. §§ 2251(c) and (e).[53]  Because the jury did not reach a unanimous decision on sub-count 1A, Mr. Jayavarman concludes he should not have been found guilty of Count 1 at all.[54]  The government, in contrast, maintains that "the jury instructions and the verdict form properly remedied the duplicitous indictment," as allowed by the Ninth Circuit.[55]

---

[50] Docket 317 at 14.

[51] Docket 317 at 14.

[52] Docket 317 at 14–15.

[53] Docket 317 at 15.

[54] Docket 317 at 15–16.

[55] Docket 328 at 9 (citing *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1188 & n.2 (9th Cir. 2007)

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 13 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 13 of 16

But Mr. Jayavarman insists that "[r]ather than curing the duplicitous indictment, the jury instructions and form improperly broadened the indictment, allowing for conviction on each sub-count."[56]

"[T]he rules about . . . duplicity are pleading rules, the violation of which is not fatal to an indictment."[57] The Ninth Circuit has explained that a duplicitous indictment can be remedied if "either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed."[58]

Mr. Jayavarman's contention that his counsel was ineffective for failing to object to the indictment and causing the government to elect between the charges in Count 1 is without merit. Although the government did not remedy the indictment by selecting one of the charges, the Court did with its jury instructions, thereby mooting any failure of counsel to object. The Court separated the two charges of Count 1 into sub-count 1A (the substantive offense) and sub-count 1B (the

---

(en banc)).

[56] Docket 329 at 10.

[57] *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001) (quoting *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981)), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1188 n.2 (9th Cir. 2007) (en banc).

[58] *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001) *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1188 n.2 (9th Cir. 2007) (en banc).

Case No. 3:13-cr-00097-SLG, *United States v. Jayavarman*
Order re Section 2255 Petition
Page 14 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 14 of 16

attempted offense) and instructed the jury on the elements of each.[59]  Moreover, the verdict form also separated the charges of Count 1 into sub-counts[60] and the Court instructed the jury that "[a] separate crime is charged on each count separately.  Your verdict on one count should not control your verdict on any other count.  In this case, there are separate theories for each count." [61]

Mr. Jayavarman's additional contention that his counsel was ineffective for failing to object to the Court's jury instructions as improperly allowing him to be convicted on individual sub-counts is foreclosed by the Ninth Circuit's jurisprudence, which specifically provides that a court can remedy a duplicitous indictment with its instructions by ensuring the jury agrees "as to which of the distinct charges the defendant actually committed."[62]

Mr. Jayavarman's second claim presents a discrete legal issue as to which there is no evidentiary dispute.  Based on the foregoing, Mr. Jayavarman's second claim for relief based on a duplicitous indictment is summarily dismissed.[63]

---

[59] *See* Docket 128 at 14–23 (Instructions 13, 14, 15, and 16).

[60] Docket 130 at 1–3.

[61] Docket 128 at 12.

[62] *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001) *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1188 n.2 (9th Cir. 2007) (en banc). This avoids the "vice of duplicity . . . that a jury may find a defendant guilty on that count without having reached a unanimous verdict on the commission of a particular offense." *Id.* at 913.

[63] *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (explaining that no evidentiary hearing is required when petitioner's allegations are "so palpably incredible or patently frivolous as to warrant summary dismissal" (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985))).

Case No. 3:13-cr-00097-SLG,  *United States v. Jayavarman*
Order re Section 2255 Petition
Page 15 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 15 of 16

## CONCLUSION

In light of the foregoing, Defendant's Section 2255 Petition at Docket 316 is DENIED as to claim two.[64]  A telephonic hearing to schedule the evidentiary hearing shall be held on **October 23, 2020 at 10:00 a.m**.  All parties shall attend telephonically by dialing 877-402-9753 (use access code 6288202) from a landline approximately five minutes before the scheduled hearing time.  Defense counsel, at his option, may make arrangements for the defendant to appear telephonically.  The government shall produce any documents or records responsive to Mr. Jayavarman's two discovery requests within **21 days** of this order.

DATED this 22nd day of September, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[64] The Court further finds that for his second claim, Mr. Jayavarman has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made "substantial showing of the denial of a constitutional right," i.e., showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).  Mr. Jayavarman may request a certificate of appealability from the Ninth Circuit Court of Appeals.

Case No. 3:13-cr-00097-SLG,  *United States v. Jayavarman*
Order re Section 2255 Petition
Page 16 of 16
Case 3:13-cr-00097-SLG   Document 334   Filed 09/22/20   Page 16 of 16