# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JASON JAYAVARMAN,<br><br>    Defendant. | Case No. 3:13-cr-00097-SLG |

## <u>ORDER RE MOTION FOR RELIEF FROM ORDER</u>

Before the Court at Docket 352 is Mr. Jayavarman's pro se *Motion for Relief from Order and Memorandum of Points and Authorities*. The Government did not file a response to the motion.

Mr. Jayavarman has attached to his motion correspondence he received from the State of Alaska Department of Corrections in July 2021. The correspondence and accompanying regulation states that "all professional visitors, including attorneys, are required to sign an Official Visitor Log. They must record their name, who they are visiting, and the date and time of the visit." Docket 353-2 at 3, 8. Mr. Jayavarman submits that this policy establishes that Mr. Jayavarman's trial attorney, Rex Butler, did not visit him at all at the jail in 2014, because there is no record that he did so in the jail's visitor log. Mr. Jayavarman asserts that these "newly obtained facts show that Mr. Butler lied under oath and

misrepresented the important facts to the court."[1]Mr. Jayavarman seeks to reopen the 2255 motion by having another hearing on the motion at which he would intend to call a representative of the Department of Corrections to testify about its visitation policy.  He maintains that "[t]his will clearly establish whether the government's plea offer was conveyed to Jayavarman in a timely manner."[2]

Mr. Jayavarman asserts that DOC's visitation policy proves that Mr. Butler lied under oath at the 2255 evidentiary hearing.  In essence, he is maintaining that this newly discovered evidence warrants reopening the 2255 proceeding.  Such relief may be available under Rule 60(b)(2) of the Federal Rules of Civil Procedure. But relief under that subsection must be sought within one year from the entry of judgment.  Here, the Court entered its judgment in January 2021; Mr. Jayavarman did not file his motion until October 2022.  Moreover, relief under Rule 60(b)(2) is only available when the newly discovered evidence "could not have been discovered in time to move for a new trial under Rule 59(b)."  Mr. Jayavarman and his counsel could have sought this evidence in advance of the initial 2255 hearing.

On the merits, the fact that DOC has a written policy that purports to require all professional visitors to sign the visitor log for each visit does not prove that Mr. Butler was lying in his testimony when he explained how if he visited the jail late in the evening he would be buzzed in by a correctional officer and that sometimes he

_____

[1] Docket 352 at 13.

[2] Docket 352 at 14.

Case No. 3:13-cr-00097-SLG, *USA v. Jayavarman*
Order re Motion for Relief from Order
Page 2 of 3

Case 3:13-cr-00097-SLG    Document 355    Filed 11/28/22    Page 2 of 3

did not sign the log book when he visited at that time.  As he explained, "the only time that you're going to sign in absolutely each time you visit is during the daytime when the cage is open and you walk in and there is a DOC [civilian] employee behind the desk who sits there, whose job it is to log everyone in, you see.  And so they log everyone in, up until I think 8:00 at night."[3]  At the hearing, Mr. Butler was asked by Mr. Jayavarman's attorney, "whenever you're going into that Anchorage jail, do you have to sign in and sign out?"  He responded, "During the daytime. And I suspect, sir, that that's the process that you're supposed to go through, okay.  They run the jail.  I go buzz in the evening, I wait outside the inner door, somebody comes in, I go inside, I get wanded, my stuff gets checked, I go and I leave."[4]  The Court continues to find this testimony to be credible.  Mr. Butler acknowledged that there likely was a requirement that he sign in and out whenever he visited the jail, but persuasively explained that not all the correctional officers on duty after the cage was closed in the evening enforced that requirement.

For the foregoing reasons, the motion for relief from judgment at Docket 352 is DENIED.

DATED this 28th day of November, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[3] Docket 346 at 29.

[4] Docket 346 at 40.

Case No. 3:13-cr-00097-SLG, *USA v. Jayavarman*
Order re Motion for Relief from Order
Page 3 of 3

Case 3:13-cr-00097-SLG    Document 355    Filed 11/28/22    Page 3 of 3