# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JASON JAYAVARMAN, | Case No. 3:13-cr-00097-SLG |
| Defendant. | |

## ORDER RE MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Before the Court at Docket 358 is Mr. Jason Jayavarman's Motion for Relief Under Federal Rule of Civil Procedure 60(b).[1] The Government did not file a response.

On January 26, 2021, the Court denied Mr. Jayavarman's motion to vacate pursuant to 28 U.S.C. § 2255; a final judgment was entered on the same date.[2] Mr. Jayavarman requested a certificate of appealability from the Ninth Circuit regarding the judgment, and his request was denied because he did not make a "substantial showing of the denial of a constitutional right."[3] In October 2022, Mr. Jayavarman filed a pro se motion pursuant to Federal Rule of Civil Procedure 60 seeking relief from the Court's January 26, 2021 order; the Court denied that

---

[1] With his motion, Mr. Jayavarman also filed a declaration at Docket 359.

[2] Docket 347; Docket 348.

[3] Docket 349; Docket 351 (citations omitted).

motion on November 28, 2022.[4]  At that time, Mr. Jayavarman's CJA counsel for his Section 2255 motion to vacate from 2019, Jeremy Gordon, remained counsel of record.  Therefore, the order was not mailed by the Court to Mr. Jayavarman at that time.  Mr. Jayavarman contends that he did not receive notice of the Court's November 28, 2022 order denying his motion until June 29, 2023.[5]  On July 10, 2023, Mr. Jayavarman appealed the Court's November 28, 2022 order.[6]  The Ninth Circuit dismissed that appeal for lack of jurisdiction "because the notice of appeal, served on July 5, 2023 and filed on July 10, 2023, was not filed or delivered to prison officials within 60 days after the district court's post-judgment order entered on November 28, 2022."[7]

Mr. Jayavarman then filed the instant motion for relief from the November 28, 2022 order pursuant to Rule 60(b)(6); he contends that because he did not receive notice of the November 28, 2022 order until seven months later, he could not have filed a timely appeal of the Court's denial of his previous Rule 60 motion.[8]  Specifically, he asserts that his attorney of record, Mr. Gordon, did not notify him of the Court's November 28, 2022 order, and that he did know about the order until June 29, 2023, after he had written the Court on June 26, 2023, for an update on

---

[4] Docket 352; Docket 355.

[5] Docket 359 at 2, ¶ 5.

[6] Docket 356.

[7] Docket 357 at 1.

[8] *See* Docket 358 at 1-3.

Case No. 3:13-cr-00097-SLG, *USA v. Jayavarman*
Order re Motion for Relief Under Federal Rule of Civil Procedure 60(b)
Page 2 of 4
Case 3:13-cr-00097-SLG   Document 361   Filed 10/02/23   Page 2 of 4

his first Rule 60 motion.[9] Mr. Jayavarman contends that the Court can "remedy [an] untimely appeal by vacating and re-entering judgment and thereby restart[] time for [him] to file his notice of appeal" pursuant to Rule 60(b)(6).[10] In support of that course of action, Mr. Jayavarman cites to *Mackey v. Hoffman*[11] and *Phelps v. Alameida*.[12]

Mr. Jayavarman also cites to *Brooks v. Yates*[13] and *Foley v. Biter*,[14] in which the Ninth Circuit held that relief from denial of a prisoner's habeas petition was warranted where, respectively, the prisoner's counsel was grossly negligent to the point that it amounted to virtual abandonment, and where the prisoner did not know that his habeas petition had been denied until 14 months later. The Court agrees that Mr. Jayavarman should have been notified immediately of the Court's November 28, 2022 order so that he could pursue any further remedies available

---

[9] Docket 359 at 2, ¶¶ 4-5, 8; Docket 358-1 at 2, 4-5. Mr. Jayavarman also asserts that Mr. Gordon "did not inform [him] that the district court had appointed him to represent [Mr. Jayavarman] in this case." Docket 359 at 2, ¶ 8. However, Mr. Gordon has been Mr. Jayavarman's counsel of record for post-conviction proceedings since August 2019. *See, e.g.*, Docket 315; Docket 316; Docket 317; Docket 329; Docket 332; Docket 349.

[10] Docket 358 at 3. Rule 60(b)(6) permits a court to grant relief from a final judgment or order for "any other reason that justifies relief."

[11] 682 F.3d 1247, 1248-49, 1254 (9th Cir. 2012) (holding that, where petitioner's habeas petition was denied, a district court has the discretion to "vacate and reenter the judgment in order to allow petitioner the opportunity to appeal" if it found that the defense counsel's "action and/or inaction constituted abandonment").

[12] 569 F.3d 1120, 1134-40 (9th Cir. 2009) (holding that extraordinary circumstances entitled habeas petitioner to relief on his motion for reconsideration on habeas petition dismissal predicated on an intervening change in the law governing the timeliness of his habeas petition).

[13] 818 F.3d 532 (9th Cir. 2016).

[14] 793 F.3d 998 (9th Cir. 2015).

Case No. 3:13-cr-00097-SLG, *USA v. Jayavarman*
Order re Motion for Relief Under Federal Rule of Civil Procedure 60(b)
Page 3 of 4
Case 3:13-cr-00097-SLG   Document 361   Filed 10/02/23   Page 3 of 4

to him in a timely manner; accordingly, limited relief pursuant to Rule 60(b)(6) is warranted.

Accordingly, IT IS ORDERED that Mr. Jayavarman's Motion for Relief Under Federal Rule of Civil Procedure 60(b) at Docket 358 is GRANTED as follows: The Court's Order re Motion for Relief from Order at Docket 355 is VACATED and REENTERED on the date of this order. However, with regards to the Court's ruling at Docket 355, the Court adds the following: the Court finds that Mr. Jayavarman has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[15] Mr. Jayavarman may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 2nd day of October 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[15] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made "substantial showing of the denial of a constitutional right," i.e., showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)). The Court overlooked the requirement to decide whether it would issue a certificate of appealability in its order at Docket 355. *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015) ("[A certificate of appealability] is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion."). The Court rectifies that omission here.

Case No. 3:13-cr-00097-SLG, *USA v. Jayavarman*
Order re Motion for Relief Under Federal Rule of Civil Procedure 60(b)
Page 4 of 4
Case 3:13-cr-00097-SLG   Document 361   Filed 10/02/23   Page 4 of 4